17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary G. TARLIP and George Gines, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-4203.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mary Tarlip, an inmate of the Federal Correctional Institution at Pleasanton, California, and George Gines, an inmate of the Federal Correctional Institution at Littleton, Colorado, appearing pro se, appeal the dismissal of their civil complaint filed pursuant to 28 U.S.C.1915 brought solely against the United States of America, alleging kidnap, false imprisonment, institutional discrimination, cruel and unusual punishment, and deprivation of liberty without due process of law in violation of the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments of the United States Constitution. They allege that their arrest, prosecutions and convictions on federal drug charges are invalid and illegal because "... the Congress was without constitutional authority to prohibit the statutes proscription. There is no constitutional prohibition on drugs ... 21 U.S.C. 841, 845 and 846 are unconstitutional," R., Vol. I, Tab 2, p. 7, and that "The United States government has no constitutional power either expressed or implied, within the Constitution to prohibit the manufacture, distribution or the possession of drugs." Id, at p. 11. Although their complaint did not seek specific relief, the plaintiffs obviously sought their release from incarceration. The district court granted plaintiffs' application to proceed in forma pauperis.
 
 
 3
 The matter was referred to United States Magistrate Judge Ronald N. Boyce, who rendered his Report and Recommendation on August 4, 1993, recommending that plaintiffs' complaint should be dismissed under 28 U.S.C.1915(d) as frivolous and finding/concluding in part:
 
 
 4
 To the extent that plaintiffs have sued the United States under 28 U.S.C. 1331 and 1345 their case must be dismissed. The Untied States has not given permission for a civil suit for the purposes which plaintiffs seek. The United States is immune from suit except where Congress has authorized it, United States v. Mitchell, 445 U.S. 535 (1980); United States v. Testan, 424 U.S. 392, 399 (1976); Fostvedt v. United States, 978 F.2d 1201 (10th Cir.1992), [cert. denied, 113 S.Ct. 1589, (1993) ]; Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911 (1992) and Congress has not authorized suit against the United States in such circumstances.
 
 
 5
 Second, plaintiffs may not challenge their convictions by a civil suit against the United States. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiffs may not invoke the remedy of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). That does not apply to the United States. Plaintiffs' remedy, if any, is under 28 U.S.C. 2255. Mack v. United States, 814 F.2d 120 (2nd Cir.1987).
 
 
 6
 Third, even treating plaintiffs' claim under 28 U.S.C. 2255 the claim that the United States is without jurisdiction to prosecute plaintiffs for their drug offenses is frivolous. See Tauby v. United States, 111 S.Ct. 1752 (1991); United States v. Fox, 95 U.S. 670, 672 (1877); United States v. Visman, 919 F.2d 1390 (9th Cir.1990), [cert. denied, 112 S.Ct. 442 (1991) ]; United States v. Anderson, 940 F.2d 593 (10th Cir.1991). See also Art. I 8 cl. 18, Constitution of the United States; Constitution of the United States of America, Library of Congress, 1982, p. 372.
 
 
 7
 (R., Vol. I, Tab 7, pp. 2,3).
 
 
 8
 Thereafter, on August 23, 1993, plaintiffs filed a motion for extension of time within which to file objections and response to the magistrate's Report and Recommendation. Apparently unaware of this motion, the district court entered an order on September 10, 1993, adopting the magistrate judge's recommendations and dismissing plaintiffs' complaint. In that order, the court observed that "No objection has been raised to the recommendation." (R., Vol. I, Tab 9).
 
 
 9
 On September 13, 1993, the thirty page objections of plaintiffs to the magistrate judge's Report and Recommendation was docketed in the district court. (R., Vol. I, Tab 10).
 
 
 10
 We have carefully reviewed the plaintiffs' objections to the magistrate judge's Report and Recommendations. Nothing therein in anywise alters the correctness of the magistrate judge's recommendation. The contentions raised by plaintiffs in their objections are frivolous and without merit. Plaintiffs are in fact objecting to the sentences imposed upon them and at this time the only avenue available to them is a habeas corpus claim under 28 U.S.C. 2255. In their Complaint, plaintiffs' alleged, among other things, that the federal courts lacked jurisdiction over their prosecutions for lack of subject matter jurisdiction, inasmuch as "21 U.S.C. 841, 845 and 846 are unconstitutional on its face as applied and are repugnant to the United States Constitution, and leaves the federal courts of equity without subject matter jurisdiction to even hear, try, decide or to even accept a guilty plea in a criminal proceeding." (R., Vol. I, Tab 2, pp. 11-12).
 
 
 11
 Plaintiffs-appellants protest in their objections to the ten year sentence imposed on Mary Tarlip for violation of 21 U.S.C. 841(A)(1) and the nineteen years and seven month sentence imposed on George Gines for violation of 21 U.S.C. 841(A)(1). (R., Vol. I, Tab 10, p. 10). Nothing would be accomplished in remanding to the district court to consider appellants' objections to the magistrate judge's Report and Recommendation. They are frivolous.
 
 
 12
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470