**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

GEORGE GINES,

        Defendant-Appellant,

and

MARY G. TARLIP,

        Defendant.

No. 98-4011
(D.C. No. 95-CV-761-G)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant George Gines appeals from an order of the district court denying his motion filed under 28 U.S.C. § 2255. [1] Because his motion was filed before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, he need not obtain a certificate of appealability. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).

Appellant entered a plea of guilty to the charge of manufacturing 100 grams or more of methamphetamine within 1000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1) and 845 and 18 U.S.C. § 2. He was sentenced to 253 months' imprisonment to be followed by ten years' supervised release. We affirmed the judgment on direct appeal. See United States v. Gines, 964 F.2d 972, 976 (10th Cir. 1992). Appellant argues in this appeal that the district court erred: (1) in sentencing him under federal rather than state law because the crime was not committed in a place subject to federal jurisdiction; (2) in sentencing him

---

[1] Defendant Mary G. Tarlip is not a proper party to this appeal as she did not sign the notice of appeal and claims she has never been married to George Gines. See Fed. R. App. P. 3(c)(2); 10th Cir. R. 3.1.

under 21 U.S.C. § 841(a)(1) because the drugs he manufactured were adulterated and misbranded within the meaning of 21 U.S.C. §§ 331, 351, and 352 of the Federal Food, Drug and Cosmetics Act; and (3) in denying his claims to sue the United States for money damages for its actions in prosecuting him.

Appellant's arguments are frivolous. First, his jurisdictional argument was considered and rejected in Tarlip v. United States, No. 93-4203, 1994 WL 71013, at **2 (10th Cir. Mar. 9, 1994) (order and judgment). Further, the Food, Drug and Cosmetics Act of Title 21, United States Code, does not preclude appellant's prosecution for manufacturing methamphetamine under the Comprehensive Drug Abuse Prevention and Control Act of Title 21, United States Code. See United States v. Coyote, 963 F.2d 1328, 1330 (10th Cir. 1992). Finally, although appellant's claims for money damages would be cognizable in a Bivens action, [2] they necessarily fail because he has not demonstrated the invalidity of his federal sentence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).

---

[2] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

AFFIRMED.  The mandate shall issue forthwith.


                                        Entered for the Court



                                        James E. Barrett
                                        Senior Circuit Judge