**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL A. DAVIS,

      Petitioner-Appellant,

v.

HECTOR A. LEDEZMA, Warden,

      Respondent-Appellee.

No. 10-6106

(D.C. No. CV-10-00183-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Michael Anthony Davis, a federal prisoner incarcerated in El Reno, Oklahoma, and proceeding pro se, appeals the dismissal of his petition for writ of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas corpus under 28 U.S.C. § 2241.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of his petition, and deny his motion to proceed in forma pauperis.

**I**

On December 1, 2005, Davis was convicted in the United States District Court for the Northern District of Texas, of one count of conspiracy to possess and distribute crack cocaine and one count of distributing crack cocaine.  On March 13, 2006, he was sentenced to 360 months' imprisonment on each count, to be served concurrently, followed by six years' supervised release.  The Fifth Circuit affirmed his conviction.  United States v. Moffitt, 233 F. App'x 409 (5th Cir. 2007).

On December 10, 2007, he filed a motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  The district court denied his motion on December 19, 2008, and the Fifth Circuit denied his request for a certificate of appealability.

After various attempts to challenge his sentence in the United States District Court for the Northern District of Texas, Davis filed the instant § 2241 petition in the Western District of Oklahoma.  In his petition, Davis claimed that "he was sentenced beyond the statutory maximum of 00-00 [sic] for his sentence of conviction and he is now serving a sentence beyond those 00-00 months."  Pet.

at 1.[1]  According to Davis, his sentence violated United States v. Booker, 543

U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000).

The magistrate judge recommended that the petition be dismissed because

his exclusive remedy for challenging the validity of his sentence was to bring a §

2255 motion in the district where he was convicted and sentenced.  The district

court adopted the magistrate judge's report and recommendation and dismissed

Davis's petition.  This timely appeal followed.

## II

"We review the district court's dismissal of a § 2241 habeas petition de

novo."  Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010 (internal quotation

marks omitted).  Because Davis is proceeding pro se, we construe his pleadings

liberally.  Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

We agree with the district court that § 2241 is not the appropriate vehicle

for Davis to challenge the legality of his sentence.  "A petition under . . . § 2241

attacks the execution of a sentence rather than its validity and must be filed in the

district where the prisoner is confined."  Bradshaw v. Story, 86 F.3d 164, 166

(10th Cir. 1996).  A motion under § 2255 "attacks the legality of detention, and

must be filed in the district that imposed the sentence."  Id. (internal citations

omitted).  Additionally, § 2255 is the exclusive remedy for challenging the

[1] The magistrate judge noted that Davis's reference to "00-00 months" was probably "the result of his failure to fill in the blanks on a 'form' petition."  ROA, Vol. I at 5 n.4.

3

legality of a sentence, unless it is "inadequate or ineffective." Id. The mere "[f]ailure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id. (internal quotation marks omitted). Moreover, the remedy in § 2255 is not inadequate simply because a petitioner is precluded from filing a second § 2255 motion. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999)

In his § 2241 petition, Davis argued that his sentence exceeds the statutory maximum. Thus, he is challenging the legality of his sentence, not the execution of it. See Bradshaw, 86 F.3d at 167. Therefore, he must bring his claims in a § 2255 motion unless he can demonstrate that the remedy under § 2255 would be inadequate or ineffective. Id.

Davis has asserted that a § 2241 petition is appropriate because he is innocent. Other circuits have recognized that "a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000). However, we have never adopted this construction of the habeas statutes, and we need not decide whether to follow that approach in the case at bar. Even assuming, without deciding, that actual innocence would allow Davis to bring a § 2241 petition, he has not established that he is actually innocent.

4

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted); see also Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001) ("Courts have framed the actual innocence factor differently, but the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law."). In his § 2241 petition, Davis asserted that he was sentenced above the statutory maximum, and "[b]ecause he was not eligible for the sentence imposed, he is actually innocent of the offense for which he is currently being held by the government." Pet. at 19. This is not a claim of actual innocence. Cf. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam) (concluding that petitioner had not met the actual innocence exception because his Booker claim "does not demonstrate that [he] was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense").

Davis does not contest that he actually committed the offenses of distributing crack cocaine and conspiring to possess and distribute crack cocaine. Nor does he argue "that he has been imprisoned for non-criminal conduct," Reyes-Requena, 243 F.3d at 904. Thus, he has not established his actual innocence. Accordingly, the district court correctly recognized that Davis's exclusive remedy is to bring a § 2255 motion in the district court that imposed his

5

sentence, i.e., the Northern District of Texas.

Davis has also filed a motion to proceed in forma pauperis. Because he has not provided a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," his motion is denied. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

We AFFIRM the district court's dismissal of Davis's petition and DENY his motion to proceed in forma pauperis.

Entered for the Court


Mary Beck Briscoe
Chief Judge

6