**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MOHAMMED SALEH,

      Petitioner-Appellant,

v.

BLAKE DAVIS, Warden of USP-Max
Florence,

      Respondent-Appellee.

No. 10-1297
(D.C. No. 1:10-CV-01066-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Mohammed Saleh, a federal prisoner proceeding pro

se,[1] appeals the district court's dismissal of his application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. He also moves for leave to proceed *in*

---

[*]       This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

      After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]       Because Mr. Saleh is proceeding pro se, we construe his filings liberally. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

*forma pauperis* on appeal.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court and deny Mr. Saleh's motion to proceed *in forma pauperis*.

## BACKGROUND

Mr. Saleh was convicted and sentenced on charges of seditious conspiracy, bombing conspiracy, and attempted bombing in the United States District Court for the Southern District of New York.  He is now serving his sentence for those convictions in the custody of the Bureau of Prisons in Florence, Colorado.  Seeking to have his sentence vacated and to be resentenced, Mr. Saleh filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado.  He asserts his actual innocence and alleges violations of his Fifth and Eighth Amendment rights.

## DISCUSSION

**I.     28 U.S.C. §§ 2241, 2255**

The district court dismissed Mr. Saleh's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because Mr. Saleh attacks his conviction and sentence, not the execution thereof, and has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.  *Saleh v. Davis*, No. 1:10-CV-01066-ZLW, 2010 WL 2733618 (D. Colo. July 9, 2010).  We affirm.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is

confined," whereas a "28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)) (internal quotation marks omitted). As noted above, Mr. Saleh is challenging his conviction and sentence and not the execution thereof. Such challenges must be brought pursuant to § 2255 unless this "remedy by motion is inadequate or ineffective." 28 U.S.C. § 2255(e); *see Bradshaw*, 86 F.3d at 166.

Construing Mr. Saleh's filings liberally, Mr. Saleh may be arguing that a § 2241 petition is appropriate because he is actually innocent. *See* R. at 32 (Motion to Show Cause, filed July 2, 2010) ("Because plaintiff could not have raised his actual innocence in his § 2255 motion, 'serious Eighth Amendment and due process questions would arise.'" (quoting *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001) (Sotomayor, J.))).

"Other circuits have recognized that 'a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed.'" *Davis v. Ledezma*, No. 10-6106, 2010 WL 3294216, at *2 (10th Cir. Aug. 23, 2010) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000)). We have not yet adopted this construction of the habeas statutes, and we need not decide this issue here because, assuming

-3-

*arguendo* that actual innocence would permit a petitioner to proceed under §

2241, Mr. Saleh has not shown that he is actually innocent. *See id*.

Mr. Saleh argues that he was wrongly sentenced under the treason

provisions of the United States Sentencing Guidelines Manual (U.S.S.G. § 2M1.1)

because he was never charged with treason and is actually innocent of that crime.

However, Mr. Saleh does not argue that he is actually innocent of his crimes of

conviction—seditious conspiracy, bombing conspiracy, and attempted bombing.

Thus, Mr. Saleh is merely attacking his sentence,[2] not asserting actual innocence

of his crimes of conviction.

## II.    Motion for Leave to Proceed *In Forma Pauperis*

We also deny Mr. Saleh's motion for leave to proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a petitioner must show "a financial inability

to pay the required fees" and "a reasoned, nonfrivolous argument on the law and

facts in support of the issues raised on appeal."  *McIntosh v. U.S. Parole Comm'n*,

115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d

502, 505 (10th Cir. 1991)) (internal quotation marks omitted).  The district court

denied Mr. Saleh's motion for leave to proceed *in forma pauperis* on appeal

---

[2]    We note that under our precedent Mr. Saleh "cannot be actually innocent of a noncapital sentence." *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993); *see Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("[A]s to Mr. Laurson's argument that his sentence was improper, 'a person cannot be actually innocent of a noncapital sentence.'") (quoting *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996)).

because it found that his "appeal is not taken in good faith because Applicant has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." R. at 44 (Order Denying Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24). We agree with the district court that Mr. Saleh has failed to present a reasoned, nonfrivolous argument.

## CONCLUSION

Thus, for substantially the reasons given by the district court, we **AFFIRM** the dismissal of Mr. Saleh's § 2241 application. We also agree with the district court that Mr. Saleh's appeal does not present a reasoned, nonfrivolous argument so we **DENY** his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge