**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KENDRICK JERMAINE FULTON,

Petitioner - Appellant,

v.

CLAUDE CHESTER, Warden, USP-Leavenworth,

Respondent - Appellee.

No. 11-3150

(D. Kansas)

(D.C. No. 5:11-CV-03015-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and petitioner, Kendrick Jermaine Fulton, proceeding *pro se*, appeals the dismissal for lack of jurisdiction of his petition under 28 U.S.C.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2241 challenging his prior conviction on drug charges.  We affirm the dismissal of this appeal.

## BACKGROUND

In 2003, Mr. Fulton was convicted in the Northern District of Texas, following a jury trial, on a major federal drug charge and was sentenced to 400 months' imprisonment.  His conviction was affirmed on direct appeal.  United States v. Fulton, 131 Fed. Appx. 441 (5th Cir. 2005).  In 2006, Mr. Fulton filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing, *inter alia*, that his attorney had provided ineffective assistance of counsel.  After discussing that issue, the district court ordered an evidentiary hearing, to be held on June 26, 2007.  Since Mr. Fulton was proceeding *pro se*, the court determined that counsel should be appointed, which the magistrate judge did.

At some point prior to the hearing, Mr. Fulton filed a motion to proceed *pro se*, rather than be represented by his newly-appointed counsel, which the magistrate judge denied.[1]  The hearing took place in front of the magistrate judge,

[1]Mr. Fulton also alleges that his newly-appointed attorney was unavailable for the hearing, so another attorney "filled in."  Mr. Fulton further claims that this substitute attorney was from the same legal office which had represented a government witness against Mr. Fulton at his criminal trial.  Mr. Fulton claims that this attorney told him there would be no objections filed to the magistrate judge's report and recommendation.  In its dismissal of the instant § 2241 petition, the district court appears to affirm that claim:  "Petitioner raised [the ineffective assistance of counsel claim] in a § 2255 motion in the sentencing

(continued...)

-2-

following which the magistrate judge recommended denial of Mr. Fulton's § 2255

petition. The district court agreed with the magistrate judge's recommendation

and denied Mr. Fulton's petition. Both the district court and the Fifth Circuit

Court of Appeals, on appeal, denied Mr. Fulton a certificate of appealability, and

the United States Supreme Court denied certiorari. The district court also denied

Mr. Fulton's Fed. R. Civ. P. 60(b) motion seeking relief from the judgment.

Mr. Fulton's appeal from the denial of his Rule 60(b) motion is apparently

pending with the Fifth Circuit.[2]

Meanwhile, while his § 2255 case was still pending in the Northern District

of Texas, Mr. Fulton, again *pro se*, filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2241, in the District Court for the District of Kansas (his state

---

[1](...continued)
court, but appointed counsel refused to object to the magistrate judge's recommendation that the claim be denied, and the sentencing court refused to allow petitioner to proceed pro se to argue the claim." 4/29/11 Order at 1, R. Vol. 1 at 65. Mr. Fulton asserts that this sudden change in his attorney at the hearing prompted him to ask to proceed *pro se*, because he felt he could better represent himself.

Mr. Fulton then alleges that matters only got worse, when his originally-appointed attorney filed a motion seeking clarification as to whether or not he was appointed only for the hearing, or whether he should file objections to the report and recommendation on Mr. Fulton's behalf. Mr. Fulton claims the district court took no action on the motion to clarify, and he "was unable to object to the R&R." Appellant's Op. Br. at 4. Nonetheless, in the § 2241 petition at issue in this appeal, Mr. Fulton conceded that he had "attempted" to file *pro se* objections to the magistrate judge's recommendation, but they "were not readily received by the court."

[2]With only Mr. Fulton's *pro se* brief, and a spartan volume of record, it has not been easy to ascertain the precise dates when things took place.

of incarceration). He claimed his defense counsel was ineffective for failing to advise him that the government's plea offer would have exposed him to less jail time, if he had accepted it. The district court dismissed that case, without prejudice, for lack of jurisdiction, finding that "[b]ecause petitioner's § 2255 proceeding remains pending in the Northern District of Texas, it is plainly clear that petitioner can make no showing that the remedy afforded by § 2255 is inadequate or ineffective." Fulton v. Chester, 2010 WL 4899459, at *1 (D. Kan. Nov. 24, 2010) (unpublished). Mr. Fulton did not appeal that dismissal.

On January 18, 2011, Mr. Fulton commenced the instant § 2241 proceeding in the District Court for the District of Kansas. He generally once again challenged his 2003 conviction on the ground that he had received ineffective assistance of counsel, and he further claimed that § 2255 provided an inadequate or ineffective remedy because "after presenting his claim to the sentencing court, [he] was obstructed from proving his claim at an evidentiary hearing." Mem. in Support of § 2241(c)(3) Pet. at 2, R. Vol. 1 at 3. Mr. Fulton claims the obstruction arose when the magistrate judge refused to let him represent himself at the hearing.

On April 29, 2011, the district court issued an order dismissing Mr. Fulton's § 2241 petition for lack of jurisdiction, concluding that he had failed to show that the remedy afforded under § 2255 was inadequate or ineffective.

The district court subsequently denied Mr. Fulton's motion to alter or amend the sentence. This appeal followed.

Mr. Fulton argues on appeal that 28 U.S.C. § 2255 is inadequate or ineffective when the sentencing court refuses to allow a defendant/petitioner to seek habeas relief under § 2241 while acting *pro se*. He also relies on the fact that the Supreme Court has recently granted certiorari in a case involving the question of whether a capital defendant should be allowed to have one court-appointed attorney replaced by another one, at the end of ten years of habeas corpus proceedings, because the petitioner has expressed dissatisfaction with the initial attorney. Martel v. Clair, ___ S. Ct. ___, 2011 WL1481309, 79 USLW 3610, 79 USLW 3718, 79 USLW 3727 (June 27, 2011).

**DISCUSSION**

"Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him." Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011). Petitions brought pursuant to 28 U.S.C. § 2241, on the other hand, are "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." Id. Section 2255(e) includes a "savings clause," however, which "sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the

-5-

conditions of his confinement." Id.  To take advantage of this savings clause, the prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The savings clause applies "only in extremely limited circumstances."  Prost, 636 F.3d at 606 n.7 (quoting Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999)).

Mr. Fulton's argument is, quite simply, that his remedy under 28 U.S.C. § 2255 was "ineffective or inadequate because the sentencing court refused to allow him to plead his o[w]n case personally."  Appellant's Op. Br. at 5.  He claims this is an issue of first impression in our court, and takes confidence in the fact that the Supreme Court has granted certiorari in Martel.  We disagree.

Martel presents the following question:

Whether a condemned state prisoner in federal habeas corpus proceedings is entitled to replace his court-appointed counsel with another court-appointed lawyer just because he expresses dissatisfaction and alleges that his counsel was failing to pursue potentially important evidence.

Pet. Cert., Martel v. Clair, 2011 WL 1479067 (April 12, 2011).  Whether, in a capital case, a petitioner can demand substitution of counsel long into the habeas proceedings seems to present a quite different question from the one Mr. Fulton identifies here.  Thus, however Martel is resolved, it will have no effect on Mr. Fulton's situation.

The other argument Mr. Fulton makes, including before the district court, was based upon a Ninth Circuit case, Lorentsen v. Hood, 223 F.3d 950, 954 (9th

Cir. 2000). In <u>Lorentsen</u>, the court stated that "a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relied under § 2255 is foreclosed." As the district court observed, our circuit has never adopted such a reading of the habeas statutes[3] and, more importantly, Mr. Fulton makes no claims of actual innocence in any of his pleadings. Accordingly, <u>Lorentsen</u> provides him with no assistance. And his argument based upon <u>Martel</u> is, as stated above, unavailing.

## CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of this appeal. The district court denied Mr. Fulton permission to proceed on appeal *in forma pauperis* ("*ifp*") because it concluded the appeal "presents no facts or legal theory in support of his argument that this court has jurisdiction under § 2241 to consider [his] claims." Order at 2, R. Vol. 1 at 77. We agree that this appeal is not taken in good faith, and we DENY permission to proceed on appeal *ifp*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]<u>See</u> e.g., <u>Saleh v. Davis</u>, 398 Fed. Appx. 331 (10th Cir. Oct. 8, 2010); <u>Davis v. Ledezma</u>, 393 Fed. Appx. 564 (10th Cir. Aug. 23, 2010).

-7-