**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny R. YOUNGBLOOD, Defendant–Appellant.**

**No. 91–6092.**

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1991.

---

Johnny R. Youngblood, pro se.

Timothy D. Leonard, U.S. Atty., and Leslie M. Kaestner, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Defendant–Appellant Johnny Youngblood appeals an order of the district court denying his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Although Youngblood raises four separate issues on appeal, the ground for each contention is that 21 U.S.C. § 812, *et seq.*, and 21 C.F.R. § 1308.22 specifically exclude methamphetamine from the schedules of controlled substances, and, therefore, he did not violate the Controlled Substances Act. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Youngblood, along with codefendant, Alan Raz, was charged with violations of 21 U.S.C. § 841(a)(1), involving the distribution of methamphetamine, 21 U.S.C. § 846, conspiracy to distribute methamphetamine, and 18 U.S.C. § 924(c), possession of a firearm during and relating to drug trafficking. Youngblood entered a plea of guilty to one count of 21 U.S.C. § 841(a)(1) and one count of 18 U.S.C. § 924(c). He was sentenced to sixty months and twenty-seven months, respectively, with the sentences to run consecutively.

Youngblood asserts that methamphetamine is not a controlled substance and, therefore, should not be subject to the Controlled Substances Act. To arrive at this conclusion, Youngblood relies on 21 U.S.C. § 811(g)(1), which provides that

[t]he Attorney General shall by regulation exclude any non-narcotic substance from a schedule if such substance may, under the Federal Food, Drug, and Cosmetic Act, be lawfully sold over the counter without a prescription.

Appellant next asserts that both Rynal and Vicks Inhaler nose sprays contain methamphetamine isomers and, therefore, methamphetamine is sold over the counter and is exempt from the Controlled Substances Act.

In *United States v. Roark,* 924 F.2d 1426 (8th Cir.1991), the Eighth Circuit addressed precisely this issue and concluded that methamphetamine is "properly classified as a Schedule II controlled substance pursuant to 21 C.F.R. 1308.12(d)." *Id.* at 1428. We agree. The flaw in Youngblood's contention is that the FDA did not approve methamphetamine for over-the-counter sale. Instead, the FDA approved the Rynal and Vicks inhalers, which contain a combination of ingredients, including a diluted isomer of methamphetamine.

Under 21 C.F.R. § 1308.12(d), methamphetamine or its isomers is a Schedule II controlled substance unless specially excepted. The FDA has granted a specific exception for the ingredients contained in the Rynal and Vicks inhalers. However, other uses or combinations of methamphetamines or its isomers remain controlled substances under Schedule II until the FDA approves and authorizes a specific exception. Thus, we conclude that methamphetamine is a Schedule II controlled substance pursuant to 21 C.F.R. § 1308.-12(d). *See also United States v. Kendall,*

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

887 F.2d 240 (9th Cir.1989); *United States v. Schrock,* 855 F.2d 327 (6th Cir.1988).

Youngblood's motion to proceed in forma pauperis is GRANTED. *See* 28 U.S.C. § 1915(a). The district court order denying Youngblood's motion is AFFIRMED. The mandate shall issue forthwith.