962 F.2d 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. GLOVER, Defendant-Appellant.
 No. 91-5186.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This pro se appeal by Robert Glover, a federal inmate, challenges the district court's dismissal of his pro se 28 U.S.C. § 2255 action. We affirm.
 
 
 3
 Mr. Glover pleaded guilty in 1989 to a conspiracy to manufacture and distribute five pounds of methamphetamine. He directly appealed his conviction to this court but, subsequently, Mr. Glover dismissed his appeal. See No. 89-5175. Additionally, Mr. Glover filed a § 2255 action which was dismissed.
 
 
 4
 In the district court Mr. Glover challenged his conviction upon the theory that possession of methamphetamine cannot be unlawful. He argued that a nonnarcotic that can be legally sold over the counter cannot be a controlled substance and as methamphetamine is a component of over-the-counter medications, such as Rynal and Vicks Inhalers, his conviction cannot stand. Mr. Glover also raised a sentencing issue asserting he was entitled to a two point reduction in his base offense level.
 
 
 5
 The district court first addressed the merits of the argument concluding methamphetamine is classified properly as a controlled substance. Next, the district court concluded Mr. Glover's failure to raise the sentencing issue in his direct appeal precluded relief under § 2255 and dismissed.
 
 
 6
 Mr. Glover raises four issues on appeal: three surround the legal classification of methamphetamine, and the fourth asserts a due process violation due to his erroneous sentencing classification.
 
 
 7
 We hold United States v. Youngblood, 949 F.2d 1065 (10th Cir.1991) is dispositive concerning Mr. Glover's arguments about whether methamphetamine is properly classified as a controlled substance. In Youngblood, we rejected substantially the same arguments as by Mr. Glover. Therefore, we conclude Mr. Glover's arguments surrounding the classification of methamphetamine are meritless.
 
 
 8
 Mr. Glover next argues he should not have received a two point increase in his base offense level for obstruction of justice and additionally asserts he was entitled to a two point reduction for his acceptance of responsibility.
 
 
 9
 Mr. Glover had the opportunity to raise the sentencing issues at trial, then as a Fed.R.Crim.App. 35 motion, then on direct appeal. He failed to do so. Mr. Glover waives his right to raise the sentencing issues for the first time in a § 2255 motion unless he shows good cause. United States v. Khan, 835 F.2d 749, 753-54 (10th Cir.1987), cert. denied, 487 U.S. 1222 (1987). We hold Mr. Glover failed to show good cause explaining his failure to raise the sentencing issues on direct appeal. Accordingly, we conclude Mr. Glover has waived his right to raise this issue for the first time on a § 2255 motion.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3