**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT LEE GLOVER,

Defendant-Appellant.

No. 97-5206
(D.C. No. 94-CV-995-E
&
89-CR-56-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** and **McKAY** , Circuit Judges, and **BROWN,** ** Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

this appeal.  <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This appeal arises from defendant's second motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  Defendant pled guilty to a two-count indictment charging conspiracy to distribute, and aiding and abetting the distribution of methamphetamine.  He did not take a direct appeal.  In 1991, defendant filed his first § 2255 motion.  That motion was denied, and this court affirmed the denial in <u>United States v. Glover</u>, No. 91-5186, 1992 WL 95455 (10th Cir. Apr. 30, 1992).  Defendant filed his second § 2255 motion on October 25, 1994, and the district court denied the motion.  This court reversed the denial, holding that defendant received ineffective assistance of counsel because his defense attorney failed to challenge his sentence on the government's lack of proof regarding whether the methamphetamine was D-methamphetamine or L-methamphetamine.  <u>United Stated v. Glover</u>, 97 F.3d 1345, 1349-50 (10th Cir. 1996).  We remanded the case to the district court, recognizing that, on remand, the district court might want to explore a possible procedural obstacle to defendant's motion in his failure to raise the ineffective assistance of counsel claim in his first § 2255 motion.

Upon remand, the district court ordered the parties to brief the procedural issue and found that defendant's second § 2255 motion was an abuse of the writ.

Defendant appeals from that order. Finding no cause for defendant's failure to raise the issue in his first § 2255 motion, and finding that no fundamental miscarriage of justice would occur if defendant were not permitted to raise the issue in his second motion, the district court dismissed the § 2255 motion for abuse of the writ. In this context, "[w]e review the district court's factual findings for clear error and its legal conclusions de novo." Green v. Reynolds, 57 F.3d 956, 957 (10th Cir. 1995). We affirm.

To excuse his procedural error in neglecting to include his ineffective assistance of counsel argument in his first § 2255 motion, defendant must show either cause for failing to raise the issue and prejudice resulting therefrom or "that a fundamental miscarriage of justice would result from a failure to entertain the claim." United States v. Richards, 5 F.3d 1369, 1370 (10th Cir. 1993) (quotation omitted). Defendant concedes that he did not raise the issue in his first motion, but he argues that the line of judicial authority finding defense counsel ineffective for failing to object to the government's lack of proof at sentencing of whether the methamphetamine is of the D or L isomer did not come out until after he filed his first § 2255 motion. "The mere fact that others had not raised this issue first is not sufficient cause. '[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all.'" Id. at 1371 (quoting Smith v. Murray,

477 U.S. 527, 537 (1986)).  As the district court found, defendant cannot argue that the claim was unavailable to him at the time of his sentencing; this court held that his defense counsel was ineffective for failing to raise the claim.  See Glover, 97 F.3d at 1349-50.

Neither can defendant show that a fundamental miscarriage of justice would occur if he is not permitted to bring the claim in his successive motion. Defendant's fundamental miscarriage of justice claim boils down to a question of whether defendant is actually innocent of the offense.  See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).  Defendant is claiming only that, because of his counsel's failure to raise the D versus L issue, he was illegally sentenced based on the stricter guidelines for D-methamphetamine without the government meeting its burden of proof on the issue.  A claim that a defendant in a noncapital case should have received a lesser sentence, however, does not constitute a claim that he is actually innocent of the offense or that he did not commit the crime.  See Richards, 5 F.3d at 1371.

Defendant has shown neither cause for failing to raise the ineffective assistance of counsel in his first § 2255 motion, nor that a fundamental

miscarriage of justice will occur if he is not permitted to present his claim at this juncture. Therefore, we AFFIRM the district court's dismissal of defendant's § 2255 motion as an abuse of the writ. [1]

Entered for the Court

Wesley E. Brown
Senior District Judge

---

[1] Defendant applied for a certificate of appealability in this case. Because the § 2255 motion was filed before the effective date of the Antiterrorism and Effective Death Penalty Act, the provisions of that act requiring a certificate of appealability do not apply. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), cert. denied, 118 S. Ct. 1375 (1998).