FILED
United States Court of Appeals
Tenth Circuit

October 14, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERRY L. ROBINSON,

      Petitioner-Appellant,

v.

HECTOR A. LEDEZMA, Warden,

      Respondent-Appellee.

No. 10-6123
(D.C. No. 5:09-CV-01369-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

This case presents unusual and compelling circumstances for federal

post-conviction relief. Petitioner is currently incarcerated for an additional five

years beyond the statutorily authorized term due to an erroneous specification of

his offense in the indictment, plea agreement, and judgment of conviction. The

operative mistake, actively shared in by defense counsel, the prosecution, and the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial judge, is patently evident on the record. The government specifically charged, petitioner (advised by counsel) pled guilty to, and the district court formally convicted defendant of violating 21 U.S.C. § 841(b)(1)(C) for possessing with intent to distribute 1300 grams of marijuana. But possessing with intent to distribute 1300 grams, or 1.3 kilograms, of marijuana is not a violation of § 841(b)(1)(C), it is a violation of § 841(b)(1)(D) (addressing offense involving less than 50 kilograms of marijuana). And this factually unsupported conviction demonstrably prejudiced the petitioner: the 120-month sentence he received would have been permissible for the former violation but plainly exceeds the five-year maximum authorized for the latter. Petitioner has already served more than the allowed five years; to keep him confined longer is an injustice.

Errors cannot always be remedied by legal action, of course. This is particularly true where early inaction or procedural misstep by the defendant has left an error in a criminal prosecution unchallenged until well after a conviction has become final. Congress has erected formidable barriers to relief in this circumstance: the one-year statute of limitations in § 2255(f); and, where the defendant has already pursued one (or more) § 2255 motion(s) challenging the conviction or sentence in question, the rigorous constraints in § 2255(h) on filing second or successive § 2255 motions.[1] But these procedural barriers do not fully

_____

[1] Relief may also be precluded by non-statutory impediments, such as the common law procedural bar applicable to claims that could have but were not

(continued...)

-2-

extinguish the interests of justice. The limitations period in § 2255(f) is subject to equitable tolling for various reasons, including the actual innocence of the defendant. *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). More generally, none of the barriers to or constraints on § 2255 motions may be operative if the § 2255 remedy is properly found "inadequate or ineffective to test the legality of [the defendant's] detention," 28 U.S.C. § 2255(e)—in which case a petition for a writ of habeas corpus under 28 U.S.C. § 2241 may substitute for the remedy unavailable under § 2255.

## I. Post-Conviction Proceeding under Review

Invoking this last principle, petitioner challenged his invalid conviction and sentence, imposed in the district court for the District of Kansas, by filing a habeas petition under § 2241 in the district court for the Western District of Oklahoma, where he is currently confined. *See generally Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that while § 2255 motions must be filed in the district where sentence was imposed, § 2241 petitions must be filed in the district where the petitioner is confined). Aware that a § 2255 motion challenging his conviction and sentence, imposed in 2005, would be subject to the one-year time bar in § 2255(f), petitioner argued to the district court that his

---

[1](...continued)
raised by direct appeal, *see, e.g.*, *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (discussing *United States v. Frady*, 456 U.S. 152, 167-68 (1982), and any waiver of review of sentencing objections in a plea agreement, *see, e.g.*, *United States v. Cockerham*, 237 F.3d 1179, 1182-83 (10th Cir. 2001).

factual innocence of the offense of conviction, coupled with the unavailability of relief due to the time bar, provided sufficient grounds for deeming his § 2255 remedy inadequate or ineffective within the meaning of § 2255(e), thereby justifying his resort to an alternative remedy under § 2241.[2]

The district court rejected this argument. Assuming that a § 2255 motion was presently unavailable to petitioner, the court held such a motion nevertheless was his exclusive remedy, and dismissed the § 2241 petition without prejudice for lack of jurisdiction. Petitioner now appeals. We affirm the dismissal of the § 2241 petition, but on a slightly different analysis that has significant practical consequences for petitioner: we hold that relief under § 2255 *is still potentially available* and should be pursued promptly in the District of Kansas. As explained below, petitioner has a colorable basis for equitably tolling the limitations period

---

[2] We note that the constraints on second-or-successive § 2255 motions are not at issue here. The defendant has not previously challenged his conviction or sentence under § 2255, and thus could file such a motion in the District of Kansas without circuit authorization under § 2255(h) and § 2244(b)(3). He did file two habeas petitions (one initially mischaracterized as a § 2255 motion), but these were properly treated as § 2241 challenges to the execution of sentence (involving claims regarding anti-shuttling provisions of the Interstate Agreement on Detainers Act and credit for time served). Moreover, they were ultimately dismissed without prejudice on grounds–mootness and lack of exhaustion–that would not trigger second-or-successive constraints in any event. This circuit "has generally held that any habeas petition that does not result in an adjudication on the merits of the habeas claims, whether that adjudication be on procedural or substantive grounds, will not count as a first petition for purposes of determining whether later habeas petitions are second or successive." *Douglas v. Workman*, 560 F.3d 1156, 1188-89 & n.18 (10th Cir. 2009) (collecting Supreme Court and circuit cases holding, for example, that non-prejudicial dismissals on ripeness and exhaustion grounds do not trigger second-or-successive constraints).

in § 2255(f).  He must pursue that possibility in the Kansas district court through a proper § 2255 motion before resort to a § 2241 petition as a substitute for an allegedly "inadequate or ineffective" § 2255 motion is considered.  In addition, in light of the non-jurisdictional nature of the time bar, *see United States v. Kelly*, 235 F.3d 1238, 1243 (10th Cir. 2000), the government could expressly waive it in the interest of justice to enable a prompt and procedurally appropriate remedy for the patently prejudicial error tainting petitioner's conviction and resultant sentence, *see generally Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002) (collecting cases recognizing that time-bar in § 2255 and habeas proceedings may be waived by government).  Under the unique circumstances here, we encourage the government to fully consider this expeditious course.

## II.  Underlying Criminal Prosecution

The indictment for the count of conviction in this case was invalid on its face.  Petitioner was charged with "knowingly and intentionally possess[ing] with intent to distribute approximately 1300 grams of a mixture or substance containing a detectable quantity of marijuana . . . in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C)."  Count 3 of Indictment, *United States v. Robinson*, D. Kan. No. 04cr40107 (filed Sept. 8, 2004).  The judgment of conviction, entered on petitioner's guilty plea, followed suit, specifying the offense of conviction as "21 U.S.C. § 841(a)(1) and (b)(1)(C)" for "Possession with Intent to Distribute Approximately 1,300 grams of Marijuana."  Judgment

entered June 28, 2005.  As noted above, the specified drug quantity would support only a violation of § 841(b)(1)(D), not a violation of § 841(b)(1)(C).  This error is not a marginal matter; it goes to the very validity of the charged offense:  when, as here, "the government elects to charge a defendant with possessing with intent to distribute a certain quantity of drugs, that quantity becomes an element of the charged offense."  *United States v. Montgomery*, 468 F.3d 715, 719 (10th Cir. 2006).  In essence, petitioner was charged with and convicted of a greater offense based on stipulated facts that established only a lesser included offense.  It bears emphasis that while the prejudicial consequences were felt at sentencing, the error here related directly to the validity of the underlying conviction itself.[3]

Evidently, no one realized the error at the time.  The prosecuting attorney, defense counsel, and the court all overtly proceeded on the basis that petitioner's charged conduct violated § 841(b)(1)(C).  Every person of legal authority that admonished or advised petitioner in his case affirmed that his conviction and sentence under § 841(b)(1)(C) was proper.  Indeed, defense counsel negotiated a

---

[3]     Petitioner's circumstance must be distinguished from that of a defendant *who was properly convicted* of a § 841 offense but was just sentenced improperly for that conviction (typically, based on judicial findings in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  In the latter case, the defendant merely has a sentencing objection and cannot claim he was actually innocent of the offense of conviction.  *See, e.g.*, *Davis v. Ledezma*, No. 10-6106, 2010 WL 3294216, at *2 (10th Cir. Aug. 23, 2010) (unpub.); *United States v. Osborne*, 12 F. App'x 815, 821 (10th Cir. 2001) *see also United States v. Glover*, No. 97-5206, 1998 WL 476779, at *2 (10th Cir. 1998) (unpub.).  Here, petitioner was charged with and convicted of an offense that the charged and admitted facts demonstrate he did not commit.

plea agreement that acknowledged sentencing should proceed in accordance with

§ 841(b)(1)(C), and even included a waiver of both appellate and collateral review

of the sentence to be imposed thereunder.[4] Given the consistent representations

of every legal professional involved, petitioner had no reason to question the

legality of his conviction and sentence or the validity of his waiver of review, and

he did not appeal following imposition of his 120-month sentence.[5]

### III.  Analysis of Justification for § 2241 Petition

At some point, however, petitioner became aware of the error that had been

obscured by the unanimous misunderstanding of counsel and the court during his

criminal prosecution.  He obtained post-conviction counsel who filed the instant

---

[4]     This waiver is immaterial here.  As we have repeatedly noted, petitioner's invalid conviction under § 841(b)(1)(C) resulted in a sentence in excess of the statutorily authorized maximum for the lesser § 841(b)(1)(D) offense established by the facts alleged in the indictment and admitted in his plea.  Such an illegal sentence is a categorical exception to the enforcement of a waiver of review, either on appeal or post-conviction, included in a plea agreement.  *See United States v. Hahn*, 359 F.3d 1315, 1324-27 (10th Cir. 2004) (en banc); *Cockerham*, 237 F.3d at 1182-83.

[5]     As noted earlier, the failure to take an appeal can raise a procedural bar to review on post-conviction.  *See Wiseman*, 297 F.3d at 979.  Such a bar does not affect our analysis here for two reasons.  First, it is a merits issue properly reserved for consideration by the district court in the event petitioner properly seeks review by § 2255 motion in the District of Kansas.  Second, as a facial matter, we note that this case presents circumstances implicating two distinct exceptions to the procedural bar:  (1) petitioner claims he is factually innocent of the offense of conviction, which would excuse the procedural bar, *id.* at 979 (citing *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)); (2) ineffective assistance of counsel also excuses the procedural bar, *id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)), and the suggestion of such a claim by the facts of this case could hardly be denied.

§ 2241 petition, rather than a motion under § 2255, on his behalf. Counsel asserted two justifications for pursuing this course, neither of which we find persuasive.

First, counsel noted that petitioner had already begun serving the illegal portion of his sentence, and argued that this circumstance reoriented the focus of his challenge from the validity of petitioner's conviction and sentence to the present *execution* of his sentence, properly pursued under § 2241. This argument is faulty in both content and consequences. It rests on a non sequiter: that petitioner is serving the part of his term he claims to be illegal *due to the invalidity of his underlying conviction or sentence* does not in any way alter the fact that he is challenging the validity of his underlying conviction or sentence. And it implies patently untenable conclusions: every challenge to the validity of a conviction (which renders the resultant confinement illegal from day one) would in reality be a challenge to the execution of sentence, for which § 2241 must be used; and every challenge to the validity of a sentence would at some point (as soon as the defendant's confinement exceeded the point at which he alleged it became illegal) transform into a challenge to the execution of sentence, for which § 2241 must be used. Under this view, § 2241, rather than § 2255, would be the primary vehicle for challenging federal convictions and sentences. The district court quite rightfully dismissed this position out of hand.

Counsel's second justification for resorting to § 2241 at least invokes a recognized principle, though under the present circumstances we agree with the district court that the principle does not apply here. Counsel argues that we should deem § 2255 to be an inadequate or ineffective remedy for petitioner in light of the combination of two considerations: first, any § 2255 motion would be subject to the one-year time bar in § 2255(f); and, second, petitioner's actual innocence of the offense of conviction demands some means of remedy in the interest of justice. This argument draws us into a somewhat obscure area of jurisprudence–and one all the more uncertain in this circuit, which has yet to definitively adopt, let alone fully work out the content of, an actual-innocence exception to the exclusivity of § 2255. Whatever the finer contours of such an exception might be, however, one thing is certainly clear: a § 2241 petition may not be used to challenge a federal conviction when potential relief by way of a § 2255 motion remains *currently available*. And petitioner failed to establish this most obvious threshold point here.

As we have already touched on, the time bar in § 2255(f) is subject to tolling on the basis of a developing set of equitable considerations. And this court has recognized actual innocence as one of them. *Gabaldon*, 522 F.3d at 1124; *see also Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (noting same point in connection with time bar in § 2244(d)(1)). Diligence in pursuing a § 2255 motion is also a consideration, *Gabaldon*, 522 F.3d at 1124, though its

role in actual-innocence cases has not been definitively settled by this court. We have yet to decide, for instance, whether a defendant who has demonstrated actual innocence must nevertheless serve the rest of his sentence–possibly the rest of his life–in prison for a crime he did not commit simply because he cannot persuade a court that he acted with sufficient diligence in raising the issue. Fortunately, we need not wade deeply into this legal quicksand here. The circumstances surrounding petitioner's prosecution, plea, and sentencing proceedings, described earlier, suggest a facially plausible excuse for his failure to promptly recognize and seek to remedy the claim he has now raised. In accepting the factual validity of his conviction, and the resultant legality of his ten-year sentence, under § 841(b)(1)(C), petitioner followed legal representations made throughout the proceedings by the government, his own counsel, and the trial judge; indeed, the unanimous affirmation of legal regularity here culminated in a defense waiver of appellate and collateral review should sentencing be carried out in accordance with his conviction under § 841(b)(1)(C).

These circumstances raise at least a colorable basis to argue for the exercise of judicial discretion in tolling the limitations period in § 2255(f) to permit the presentation of a claim of actual innocence in a proper § 2255 motion. And that is enough to render petitioner's direct recourse to § 2241 in this proceeding plainly premature and inappropriate.

While we recognize the substance of the equitable-tolling question insofar as it relates to the disposition of the § 2241 matter properly before us on appeal, we do not reach and resolve that question as it relates to the merits of the § 2255 motion petitioner has thus far neglected to pursue. That is a matter beyond the scope of this appeal, as well as a matter properly reserved in the first instance to the discretionary judgment of the district court should petitioner properly pursue his § 2255 remedy in the District of Kansas, *cf. Gabaldon*, 522 F.3d at 1127 (remanding for district court to decide in the first instance issues regarding equitable tolling that had not been considered prior to sua sponte dismissal of § 2255 motion). This course is particularly appropriate here, where the parties had no occasion to address the question in this § 2241 proceeding (indeed, the government has not submitted any briefing, on appeal or in the district court, in this case). *Cf. id.* (noting, in support of remand for resolution of equitable tolling issues, that the government had not yet had an opportunity to address the issues in district court). Again, however, we emphasize that the government could obviate a collateral contest over the time bar, and enable prompt remedial action for a patent error that it played a significant role in creating, by waiving its limitations defense in the event petitioner pursues relief under § 2255.

## IV. Conclusion

For reasons stated above, we hold that petitioner's attempt to challenge his conviction and sentence under § 2241 at this juncture was improper. Given the

substantive nature of his claim and the facially plausible excuse for his delay in recognizing and asserting it, petitioner has a colorable argument for equitably tolling the time bar in § 2255(f), and hence cannot demonstrate that the remedy provided by § 2255 is even *currently* unavailable to him. Unless and until that most basic condition is met, it would be futile to consider the propriety of a § 2241 petition under an actual-innocence/inadequate-or-ineffective-remedy rationale. On this understanding, we conclude that the instant § 2241 petition was properly dismissed without prejudice.

The judgment of the district court is AFFIRMED. Appellant's motion to set this case for oral argument is DENIED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-12-