FILED
United States Court of Appeals
Tenth Circuit

December 6, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TERRY TYLER,

      Petitoner - Appellant,

v.

PAUL A. KASTNER, Warden,

      Respondent - Appellee.

No. 11-6170
(D.C. No. 5:11-CV-00210-M)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry Tyler, a federal prisoner proceeding pro se, appeals from an order dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

Tyler filed the instant § 2241 petition in the United States District Court for the Western District of Oklahoma asserting the Bureau of Prisons erroneously denied his request for pre-release transfer to a residential re-entry center. The government moved to dismiss Tyler's petition for lack of jurisdiction. The district court granted the government's motion and dismissed the petition for lack of jurisdiction, noting that at the time he filed the petition, Tyler was detained in a federal prison facility in Virginia.

The district court's conclusion it lacked jurisdiction over Tyler's § 2241 petition is indisputably correct. 28 U.S.C. § 2241(a) (providing that district courts are limited to granting habeas relief "within their respective jurisdictions"); *id.* § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *id.* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Accordingly, for those reasons set out by the district court, this court **AFFIRMS** the district court's order of dismissal. Furthermore, because Tyler has failed to make a reasoned, nonfrivolous argument

on appeal, we **DENY** his motion to proceed on appeal *in forma pauperis* and order him to remit the full appellate filing fee forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge