FILED
United States Court of Appeals
Tenth Circuit

April 5, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE MANUEL MONTALVO,

      Petitioner - Appellant,

v.

THOMAS WERLIZH,

      Respondent - Appellee.

No. 11-6271
(D.C. No. 11-CV-00773-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Jose Montalvo, a federal inmate appearing through counsel, appeals the

dismissal of his habeas corpus petition (filed July 11, 2011) under 28 U.S.C. §

2241 for lack of jurisdiction. The district court dismissed the petition without

prejudice because Mr. Montalvo's argument that 28 U.S.C. § 2255 was inadequate

or ineffective to challenge his conviction and sentence came too late—in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. But it may be
cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

objections to the magistrate's report and recommendation.  Montalvo v. Werlizh, 2011 WL 4083536 (W.D. Okla. 2011).

Mr. Montalvo pleaded guilty to conspiracy to possess with intent to distribute various controlled substances and was sentenced to 240 months' imprisonment on December 16, 2008.  Aplt. App. 12-13.  He claims that his guilty plea was not voluntary or knowing because he does not speak English and was not given Spanish-language forms, or an interpreter, or a Spanish-language explanation from counsel of his rights, including the right to appeal.  Aplt. Br. 2. He also argues that his Rule 11 statements were improperly used to enhance his punishment.  Id. at 2-3.

We must affirm for two reasons.  First, the district court lacked jurisdiction because Mr. Montalvo was confined in Wisconsin when the petition was filed; the Western District of Wisconsin, not the Western District of Oklahoma, was the proper court to consider the petition.  See 28 U.S.C. § 2241(a); Tyler v. Kastner, 442 Fed. App'x. 413, 414 (10th Cir. 2011).  Mr. Montalvo's argument that a § 2241 petition might better be heard in the sentencing jurisdiction because it possesses all of the records does not allow us to contravene the statute.

Second, Mr. Montalvo has not shown that § 2255 is inadequate or ineffective as a vehicle to challenge his conviction and sentence.  See 28 U.S.C. § 2255(e).  Generally the proper channel for a federal prisoner attacking the legality of his detention is a motion under 28 U.S.C. § 2255.  The motion must be

filed in the court that imposed the sentence. 28 U.S.C. §2255(a). To be sure, a one-year limitation period applies, §2255(f), but we have suggested that this does not render the remedy inadequate or ineffective, particularly given the availability of equitable tolling. Robinson v. Ledezma, 399 Fed. App'x. 329, 331 (10th Cir. 2010); see also Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011) (relevant inquiry is whether the petitioner's argument could have been tested in an initial § 2255 motion); Brace v. United States, 634 F.3d 1167, 1170 (10th Cir. 2011) (noting limited scope of § 2255(e)).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge