FILED
United States Court of Appeals
Tenth Circuit

April 2, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARIO A. MORENO,

Petitioner–Appellant,

v.

TK. COZZA-RHODES, Warden,

Respondent–Appellee.

No. 12-1506

(D.C. No. 1:12-CV-02775-LTB)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Petitioner, a federal prisoner proceeding pro se, appeals the district court's denial of his § 2241 habeas petition. In 2008, Petitioner was convicted in the Western District of Texas of importing fifty kilograms or more of marijuana in violation of 21 U.S.C. §§ 952(a) and 960(b)(3). He was sentenced to a seventy-month term of imprisonment, followed by a five-year term of supervised release. Petitioner did not file a direct appeal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his conviction or sentence.

Petitioner filed the instant § 2241 petition in the District of Colorado while incarcerated at the Federal Correctional Institute in Florence, Colorado.[1]  In his petition, he raised two claims:  (1) the five-year term of supervised release was two years greater than the term authorized by statute; and (2) he was sentenced based on an overstated criminal history category that resulted in a twenty-six to thirty-five month increase under the U.S. Sentencing Guidelines.  The district court concluded these claims challenged the validity of the sentence imposed by the Western District of Texas and therefore needed to be filed in a § 2255 petition in that district.  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  The court held Petitioner had not demonstrated the remedy available to him pursuant to § 2255 is inadequate or ineffective.  Although the one-year statute of limitations would likely render a § 2255 motion untimely, this does not establish the statutory remedy is inadequate or ineffective.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." (internal quotation marks omitted)); *Montalvo v. Werlizh*, 461 F. App'x 818, 819 (10th Cir. 2012) ("To be sure, a one-year limitation

_____

[1] In his January 2013 *in forma pauperis* motion, Petitioner states that he "expect[s] to be transferred to a halfway house in El Paso, T[exas] on January 30th, 2013." (Mot. at 11.)  This possible transfer does not affect our jurisdiction.  *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

period applies, § 2255(f), but we have suggested that this does not render the remedy inadequate or ineffective . . . .").

In his opening brief, Petitioner argues his claims are properly brought under § 2241 because he challenges the execution of his sentence. However, as the district court correctly explained, Petitioner's claims attack the validity of the sentence imposed and therefore must be brought under § 2255. Accordingly, for substantially the same reasons given by the district court, we **AFFIRM** the district court's dismissal of Petitioner's § 2241 petition. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge