FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 24, 2024

_____

Christopher M. Wolpert
Clerk of Court

MARIO CHAVEZ,

      Petitioner - Appellant,

v.

VINCENT HORTON, Warden; NEW
MEXICO ATTORNEY GENERAL,

      Respondents - Appellees.

No. 23-2084
(D.C. No. 1:19-CV-01151-KWR-LF)
(D. N.M.)

_____

**ORDER**
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

This case grew out of a fatal shooting in New Mexico. The shooting
led to state-court convictions of Mario Chavez for first-degree murder,
armed robbery in the second degree, and tampering with evidence.
Following the convictions, Mr. Chavez unsuccessfully appealed and sought
habeas relief in both state court and federal district court. He wants to
appeal the rulings in federal court on his claims involving

- violation of the Confrontation Clause,

- trial errors, and

- ineffective assistance of counsel.

To appeal, however, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the certificate.

**1.    The availability of a certificate is affected by statutory limitations on habeas relief.**

To justify a certificate, Mr. Chavez must "[make] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We apply this standard against the backdrop of Mr. Chavez's underlying burden to justify habeas relief. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (stating that when deciding whether to grant a certificate of appealability, the court "look[s] to the District Court's application of [the Antiterrorism and Effective Death Penalty Act] to petitioner's constitutional claims and ask[s] whether that resolution was debatable amongst jurists of reason").

This burden is heavy when the state court has rejected a constitutional claim on the merits. In that circumstance, federal law requires the petitioner to show that the state court's decision was contrary to, or an unreasonable application of, Supreme Court precedent. 28 U.S.C.

§ 2254(d)(1).[1] A decision is considered *unreasonable* only if every fair-minded jurist would have "'reach[ed] a different conclusion.'" *Andrew v. White*, 62 F.4th 1299, 1317 (10th Cir. 2023) (quoting *Brown v. Davenport*, 596 U.S. 118, 144 (2022)), *pet. for cert. docketed* (U.S. Jan. 25, 2024) (No. 23-6573). But these statutory limitations apply only when the state court had reached the merits of the federal claim. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

Mr. Chavez argues that the federal district court shouldn't have applied these limitations because the state court hadn't considered the merits of his constitutional claims. For this argument, Mr. Chavez bears the burden. *See Simpson v. Carpenter*, 912 F.3d 542, 583 (10th Cir. 2018) ("The petitioner bears the burden of showing a claim was not adjudicated on the merits in state court.").

But in federal district court, Mr. Chavez hadn't made this argument in his habeas petition or his supplements to the petition. He instead waited until his reply brief to argue that the state court had overlooked the merits of his constitutional claims. The federal district court concluded that the reply brief had been too late for Mr. Chavez to make this argument. *See,*

---

[1]    A petitioner may also obtain habeas relief by demonstrating that a state court's decision on a federal claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). But Mr. Chavez does not point to an *unreasonable* factual determination in state court.

*e.g.*, *United States v. Beebe*, 807 F. Supp. 2d 1045, 1054 (D. N.M. 2011) (stating that the District of New Mexico "normally does not entertain arguments raised for the first time in a reply brief"). If we were to entertain an appeal on this issue, Mr. Chavez would bear the burden of showing that the federal district court had abused its discretion in deciding that the reply brief was too late. *See United States v. Coyote*, 963 F.2d 1328, 1332 (10th Cir. 1992) (reviewing a decision on waiver for an abuse of discretion).

Mr. Chavez doesn't deny that he needed to make this argument before his reply brief. But he insists that he raised the argument in his habeas petition when he referred to state-court documents and recounted the procedural history. The federal district court rejected Mr. Chavez's reliance on state-court documents, reasoning that he had referred to hundreds of pages rather than point to specific documents. Mr. Chavez questions this reasoning, but the federal district court had no obligation to scour the state-court record in order to find where the petitioner had raised this argument. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (stating that we didn't need to scour a voluminous transcript when the appellant failed to give specific record cites). And Mr. Chavez's recitation of the procedural history didn't constitute a separate argument.

Apart from these procedural shortcomings, however, Mr. Chavez hasn't shown a failure of the state court to decide the merits of his claims.

4

Even when a state court doesn't mention the federal basis for a claim, we presume that the court decided the merits of the federal claim. *See Simpson v. Carpenter*, 912 F.3d 542, 583 (10th Cir. 2018). And Mr. Chavez hasn't made a colorable showing to rebut that presumption.[2] Mr. Chavez thus hasn't shown that reasonable jurists could debate the district court's ruling on waiver or its application of the statutory limitations on habeas relief.

2. **Mr. Chavez has not presented a reasonably debatable habeas claim involving violation of the Confrontation Clause or a related claim of ineffective assistance.**

Mr. Chavez claims that the state court committed two violations of the Sixth Amendment's Confrontation Clause. The first claim grew out of an alleged conversation hours after the murder. At that time, a codefendant (Mr. Eloy Montano) allegedly told his wife that he thought he had been set up by Mr. Chavez. Mr. Montano didn't testify at the trial, but the wife was allowed to testify about this statement. The second claim involves the introduction of Mr. Montano's entire interrogation by the police.

---

[2]    In Mr. Chavez's state habeas proceedings, the state supreme court issued summary orders denying certiorari. But we presume that the court rested on the same reasons given by the state district court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802–04 (1991) (presuming that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

5

**2.1.   Mr. Chavez doesn't present a reasonably debatable habeas claim involving violation of the Confrontation Clause.**

The Confrontation Clause would be violated only if Mr. Montano's out-of-court statements had been "testimonial." *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). And even if the statements could be characterized as *testimonial*, Mr. Chavez would need to show that a Supreme Court opinion had *clearly established* this characterization. *See* 28 U.S.C. § 2254(d)(1); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2018) (requiring "federal habeas courts to deny relief that is contingent upon a rule of law not clearly established").

For Mr. Montano's statement to his wife, Mr. Chavez doesn't identify a Supreme Court opinion clearly establishing the statement as *testimonial*. A statement is generally considered *testimonial* when the declarant makes a formal declaration in order to establish past events potentially bearing on a future prosecution. *United States v. Morgan*, 748 F.3d 1024, 1038 (10th Cir. 2014).

Even if we were to consider the arguments in Mr. Chavez's supplemental habeas petition, he hasn't cited any Supreme Court opinions suggesting that a codefendant's statement to a spouse, prior to any contact from law enforcement, would be characterized as *testimonial*. So the state court's consideration of this Confrontation Clause claim didn't violate

6

clearly established Supreme Court precedent. And Mr. Chavez hasn't shown a reasonably debatable argument to the contrary.

Mr. Chavez also argues that introduction of Mr. Montano's entire interrogation violates the Confrontation Clause. Mr. Chavez initially tried to use parts of Mr. Montano's interrogation while challenging the admissibility of other parts. But the state court found that the defense had then withdrawn its challenge under the Confrontation Clause by offering the entire interrogation into evidence. Given that finding, the federal district court ruled that Mr. Chavez had not justified relief under the habeas standard. Mr. Chavez doesn't present a colorable basis to question that ruling.

**2.2.   Mr. Chavez doesn't present a reasonably debatable habeas claim involving ineffective assistance of counsel.**

Mr. Chavez also claims that his counsel at trial and on appeal provided ineffective assistance in failing to raise the Confrontation Clause. For this claim, Mr. Chavez acknowledges that his trial counsel invoked the Confrontation Clause when challenging the admissibility of Mr. Montano's statement to his wife. But Mr. Chavez claims that his

- trial attorney should have raised the Confrontation Clause when objecting to the introduction of Mr. Montano's interrogation and

- appellate counsel should have raised the Confrontation Clause when appealing the conviction.

The state court ruled that Mr. Chavez's trial counsel had

7

- addressed the Confrontation Clause and

- made reasonable strategic decisions regarding the use of Mr. Montano's interrogation.

The state court also ruled that Mr. Chavez's appellate counsel had made a reasonable strategic decision to forgo challenging the admissibility of the entire interrogation.

For habeas relief, Mr. Chavez needed to show that the state court's decisions had been contrary to, or an unreasonable application of, a Supreme Court opinion addressing *ineffective assistance of counsel*. 28 U.S.C. § 2254(d)(1); *see also* Part 2.1, above. The state court applied the Supreme Court's seminal opinion on ineffective assistance: *Strickland v. Washington*, 466 U.S. 668 (1984). There the Court had required a showing of both deficient legal representation and prejudice. *Id.* at 687–88, 694. So Mr. Chavez had to show the state court's application of *Strickland* had been unreasonable.

Mr. Chavez didn't explain in the district court how the state court had unreasonably applied *Strickland* or another Supreme Court precedent. Mr. Chavez insists that he made this showing in his state-court filings. But the federal district court reasoned that Mr. Chavez hadn't properly incorporated those documents. And Mr. Chavez provides no authority for his apparent assumption that the federal district court needed to excavate the voluminous state-court record to see where he had made this showing.

8

*See* Part 1, above. Absent any discussion of the relevant habeas standard, Mr. Chavez couldn't have met his burden. *See* Part 1, above. So the federal district court's rejection of his ineffective-assistance claims wasn't reasonably debatable or wrong.

**3.      Mr. Chavez doesn't present a reasonably debatable habeas claim of a denial of due process from multiple trial errors or a related failure to provide effective assistance of counsel.**

In the habeas petition, Mr. Chavez also claimed a denial of due process from multiple trial errors. The district court rejected this claim, ruling that Mr. Chavez had not shown a failure of the state court to reasonably apply a Supreme Court opinion. Mr. Chavez hasn't shown how a reasonable jurist could question the correctness of that ruling.

Mr. Chavez also presents a related ineffective-assistance claim based on these trial errors. To prevail, Mr. Chavez would need to show that the state court's rejection of this claim had been unreasonable or contrary to the Supreme Court's test for *ineffective assistance of counsel*. *See* Parts 1 & 2.2, above. But he hasn't made a colorable showing under this standard.

* * *

We thus deny a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge


9