**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ALFRED LEE APODACA,

    Defendant-Appellant.

No. 03-8017
(Wyoming)
(D.C. No. 85-CR-77-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Alfred Lee Apodaca, acting pro se,[1] appeals the district court's denial of his petition for writ of *audita querela*.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Apodaca filed his writ under the All Writs Act. "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). We have previously discussed the history and continued viability of the writ of *audita querela*:

> Writs of audita querela and coram nobis "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). Usually, a writ of coram nobis is used "to attack a judgment that was infirm [at the time it issued], for reasons that later came to light." *Id*. By contrast, a writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id*. Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs. *United States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); Fed. R. Civ. P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act. At least four of our sister circuits have questioned whether audita querela may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act, but have assumed, "without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865 (collecting cases).

*United States v. Torres,* 282 F.3d 1241, 1245 n.6 (10th Cir. 2002).

**Background**

In 1985, Apodaca was convicted of, *inter alia*, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. On direct appeal, we affirmed. *United States v. Apodaca,* 843 F.2d 421 (10th Cir.), *cert. denied*, 488 U.S. 932 (1988). In 1995, he filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which the district court denied. We dismissed his attempted appeal because it was untimely. *See* proceedings in *United States v. Apodaca,* No. 96-8100 (10th Cir.).

A person is engaged in a continuing criminal enterprise if he violates certain provisions of federal law and, *inter alia*, "such violation is a part of a continuing series of violations . . . ." 21 U.S.C. § 848(c)(2). The Supreme Court held that "a jury has to agree unanimously about which specific violations make up the continuing series of violations." *Richardson v. United States,* 526 U.S. 813, 815 (1999) (quotation omitted). Based on *Richardson*, Apodaca filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Texas.[3] The district court denied relief and the Fifth Circuit affirmed. *Apodaca v. United States,* 275 F.3d 1080 (5th Cir. 2001), *cert. denied,* 535 U.S. 1073 (2002). In 2002, Apodaca filed his petition in the sentencing court for writ

---

[3]Apodaca was and remains incarcerated at a federal facility in Texas.

-3-

of *audita querela*, again seeking relief based on *Richardson*.[4]  The district court denied relief because:  1) § 2255 provides the exclusive means for testing his conviction; 2) Apodaca previously filed a § 2255 motion; and therefore, 3) authorization by a panel of this court is a prerequisite to filing a successive § 2255 petition.  28 U.S.C. § § 2255, 2244(b)(3).  This appeal followed.  Since only legal questions are presented, we review de novo.  *Morris v. Burnett*, 319 F.3d 1254, 1268 (10th Cir. 2003), *cert. denied,* ____ U.S. ____, 124 S.Ct. 284 (2003).

**Discussion**

We agree § 2255 provides the exclusive means for Apodaca to test his conviction in the sentencing court, we construe his notice of appeal and appellate brief as an implied application under § 2244(b)(3)(A) to proceed with a

---

[4]Apodaca also claims he is entitled to relief under the International Covenant on Civil and Political Rights (ICCPR), ratified by the United States Senate on September 8, 1992. **[Apt. Br. at 26-28]** We need not reach the merits of Apodaca's argument because

> [I]t is clear that the ICCPR is not binding on the federal courts. Courts in the United States are bound to give effect to international law and to international agreements, except that a non-self-executing agreement will not be given effect as law in the absence of necessary authority.  When the Senate ratified the ICCPR, it specifically declared that the provisions thereof were not self-executing.  And, since that time, Congress has never enacted implementing legislation for the ICCPR.

*Hain v. Gibson,* 287 F.3d 1224, 1243 (10th Cir. 2002) (quotations and citations omitted), *cert. denied,* 537 U.S. 1173 (2003).

-4-

successive § 2255 motion, *Torres,* 282 F.3d at 1246, and we deny such authorization.[5]

"[T]o allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id.* "[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *Id.* at 1245 (quotation and citation omitted).[6] The § 2255 remedy lies "unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied sub nom.,* 377 U.S. 980 (1964).[7] "[T]he mere

[5]We have cautioned district courts against recharacterizing a petition as a § 2255 motion without the petitioner's consent because it could be a trap for the unwary, rendering a subsequent § 2255 motion successive and thus subject to the statute's strict gatekeeping language. That concern is not triggered when the petitioner has previously filed a § 2255 motion. *Torres,* 282 F.3d at 1245-46.

[6]In its order denying relief, the district court expressed some doubt that *Torres* stands for the proposition that the availability of the § 2255 remedy precludes a prisoner in custody from petitioning for a writ of *audita querela.* **[ROA, Vol. 1, Doc. 169 at 4-5]** We clarify that it does if the prisoner's claim could originally have been embraced by § 2255, even if that claim is now barred by successive filing restrictions. Once foreclosed, the writ does not rise like a phoenix to provide an additional avenue for redress simply because Congress chose to limit the reach of statutory remedies.

[7]Of course, § 2255 only provides a remedy for a federal prisoner in custody. "A prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. We do not decide whether a petition for writ of *audita querela* would lie to set aside a conviction when the convicted person is no longer in custody.

fact" that a petitioner "is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999).[8]  That is precisely Apodaca's circumstance.

Because this is a second § 2255 motion, it is barred unless, under 28 U.S.C. § 2244,[9] we certify the petition to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.  Since Apodaca does not allege newly discovered evidence, we consider only the second precondition and decline to certify.  Even though *Richardson* announced a new rule of substantive law retroactively applicable to cases on collateral review, at least for purposes of a first § 2255 motion, *United States v. Barajas-Dias,* 313 F.3d 1242, 1245 (10th Cir.

---

[8]Circumstances where courts have found or suggested the § 2255 remedy is inadequate or ineffective include instances where the sentencing court is abolished at the time petitioner seeks relief, *Spaulding v. Taylor,* 336 F.2d 192, 193 (10th Cir. 1964); where the sentencing court refuses to consider the petition or unreasonably delays its consideration, *Stirone v. Markley,* 345 F.2d 473, 475 (7th Cir.), *cert. denied,* 382 U.S. 829 (1965); where more than one court has sentenced the petitioner and no single court can accord complete relief, *Cohen v. United States,* 593 F.2d 766, 771 n.12 (6th Cir. 1979); and where the gatekeeping language of § 2255 bars retroactive application of a case that does not state a new rule of constitutional law, *Reyes-Requena v. United States,* 243 F.3d 893, 902 n.20 (5th Cir. 2001) (allowing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on a showing of actual innocence).

[9]"Before a second or successive application permitted by this section is filed in the district court the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

2002), it was not "made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255, for purposes of enabling a second or successive § 2255 motion. "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain,* 533 U.S. 656, 663 (2001). The § 2255 remedy is not inadequate or ineffective under the circumstances presented here, Apodaca is simply barred from raising it.

But all prisoner remedies are not foreclosed because of the limitations on § 2255 relief. A petition for a writ of habeas corpus under § 2241 demonstrating actual innocence may be an available remedy,[10] as Apodaca well knows; he filed such a petition stating his *Richardson* claims in the District Court for the Eastern District of Texas, where he failed on the merits. The record thus demonstrates that Apodaca has taken advantage, at least once, of the full panoply of statutory post-conviction remedies, and we identify no gap in the remedial framework.

---

[10]In affirming the district court's order denying § 2241 relief to Apodaca, the Fifth Circuit apparently relied on its holding in *Reyes-Requena,* 243 F.3d 893. In *Reyes-Requena*, the court allowed a 28 U.S.C. § 2241 petition alleging actual innocence under the savings clause of § 2255 to test the retroactive effect of a Supreme Court decision, rendered after petitioner's conviction, direct appeal and first § 2255 motion. *Id.* at 904. We agree with the reasoning of the Fifth Circuit in *Reyes-Requena* that recourse to the § 2241 remedy will be unavailing unless accompanied by a clear showing of actual innocence. *Id.* at 903-04. Trial error does not necessarily equate to actual innocence. *See Barajas-Diaz,* 313 F.3d at 1248 (distinguishing between legal and actual innocence); *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir.) (quoting *Reyes-Requena*), *cert. denied*, 534 U.S. 1001 (2001).

Accordingly, we **AFFIRM** the district court's denial of the petition for writ of *audita querela* and **DENY** Mr. Apodaca's implied motion for an order authorizing the district court to consider a successive § 2255 motion.

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge