SEYMOUR, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority that:
a. Mr. Prost seeks to raise a claim that he is “actually innocent” of money laundering, as the statute defining that crime was clarified by the Supreme Court in United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008).
b. Mr. Prost is barred by § 2255(h) from bringing his claim in a second or successive § 2255 motion.
c. Mr. Prost may only bring his claim in the instant § 2241 petition, via § 2255(e)’s savings clause, if he can show the § 2255 remedy appears to be “inadequate or ineffective” to test the legality of his conviction.
d. The § 2255 remedy ordinarily is not considered “inadequate or ineffective” simply because a prior court erroneously decided a § 2255 motion or otherwise failed to grant relief, maj. op. at 584-85, or because § 2255(h) places strict limits on second or successive petitions, id. at 584-86.
e. The question we face is purely jurisdictional: Does it appear that Mr. Prost lacked an “adequate and effective” opportunity to test the validity of his claim that he stands convicted *599 of a non-existent crime, such that he may now utilize § 2241 to bring his claim?
We agree on little else. In my view, the answer to the jurisdictional question we face is a straightforward “No.” Mr. Prost had an adequate and effective opportunity to test the legality of his conviction because he was not foreclosed by adverse circuit precedent from bringing his actual innocence claim when he filed his initial § 2255 petition. Accordingly, we should dismiss the instant habeas petition for lack of jurisdiction. It is on that ground alone that I concur in the judgment and would affirm dismissal of Mr. Prost’s petition.
The majority opinion, in contrast, sweeps far beyond this jurisdictional imperative. The majority takes the unnecessary position that the § 2255 remedy still would have been “adequate and effective” even if Mr. Prost faced adverse circuit precedent at the time he filed his initial § 2255 petition, which would have prevented success on his claim of actual innocence. The majority’s rejection of what it terms the “erroneous circuit foreclosure test,” see maj. op. at 589-93; see also id. at 593-94, flies in the face of judicial restraint — creating an unnecessary circuit split on an issue that was neither raised by the parties nor implicated by the facts of this case.
Respectfully, any implication by the majority that it is not creating a circuit split, see maj. op. at 594-96, is flatly wrong. Every other circuit deciding the issue has held, contrary to the majority, that § 2255 is “inadequate or ineffective” as a remedy in the extremely narrow situation in which it would procedurally bar a claim of actual factual innocence, like the one raised here by Mr. Prost, and where success on the actual innocence claim was previously barred by circuit precedent. This simple fact is undeniable. Moreover, the majority’s conclusion that there is no effective remedy for an actually innocent person squarely raises serious constitutional questions, which the majority declines to address. To the extent the majority reaches the merits of the safety valve issue, I dissent from its interpretation of § 2255(e).
I.
“[T]he ‘cardinal principle of judicial restraint’ is that ‘if it is not necessary to decide more, it is necessary not to decide more.’ ” Morse v. Frederick, 551 U.S. 393, 431, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007) (Breyer, J., concurring in the judgment in part and dissenting in part) (quoting PDK Labs., Inc. v. Drug Enforcement Admin., 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in the judgment)); see also Valley Forge Ins. Co. v. Health Care Mgmt. Partners, 616 F.3d 1086, 1094 (10th Cir.2010) (quoting favorably same language). Accordingly, we generally “answer[ ] only the questions we must, not those we can.” Valley Forge Ins. Co., 616 F.3d at 1094. To protect against “improvident or ill-advised opinion[s]”, Hill v. Kemp, 478 F.3d 1236, 1251 (10th Cir.2007), we typically require that the questions we answer be not only necessary to our disposition, but also adequately developed by the parties during the adversarial process. See id. at 1250-51; cf. Fed.R.App. P. 28. We should be especially cautious when we risk creating or exacerbating a circuit split. Cf. Am. Atheists, Inc. v. Davenport, 637 F.3d 1095, 1110-11, 2010 WL 5151630, at *10 (10th Cir.2010) (Gorsuch, J., dissenting from denial of rehearing en banc). The majority fails to heed these rules, and it is not the least restrained in so doing.
A.
That Mr. Prost’s claim is one of actual factual innocence is of utmost importance. *600 He contends the erroneous interpretation prior to United States v. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), of the term “proceeds” in the federal money laundering statute, see 18 U.S.C. § 1956(a)(1), resulted in his conviction for a nonexistent crime. Mr. Prost claims actual “factual innocence,” not mere “legal innocence.” See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (“ ‘[AJctual innocence’ means factual innocence, not mere legal insufficiency.”); see also Ellis v. Hargett, 302 F.3d 1182, 1186 n. 1 (10th Cir.2002) (discussing “legal innocence” and “factual innocence”); Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir.2000) (same); cf Herrera v. Collins, 506 U.S. 390, 419-21, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (O’Connor, J., concurring) (recognizing a person may be both “legally and factually innocent”). The fact that Mr. Prost relies on a Supreme Court decision announcing a new substantive rule of statutory interpretation does not transform his claim into anything other than what it is: a claim of “actual innocence.” See Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (remanding analogous petition, despite procedural default, to permit petitioner to prove “actual innocence”); cf. Davis v. United States, 417 U.S. 333, 341-46, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).
Our task is to decide whether the savings clause of § 2255(e) permits Mr. Prost to bring his claim of actual factual innocence in the instant § 2241 petition. That is the only question before us.
B.
Mr. Prost’s claim, though one of first impression in this court, is easily resolved on narrow grounds, without questioning or rejecting the circuit foreclosure tests adopted by other circuits in cases of actual innocence.
Claims of actual factual innocence have been recognized in constitutional and habeas jurisprudence as among “the most compelling case[s] for habeas review.” Murray v. Carrier, 477 U.S. 478, 501 n. 8, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (Stevens, J., concurring); see also id. at 495-96, 106 S.Ct. 2639 (majority opinion) (describing actual innocence as “an extraordinary case” in which “principles of comity and finality ... must yield to the imperative of correcting a fundamentally unjust incarceration”) (internal quotation marks omitted); Bousley, 523 U.S. at 623, 118 S.Ct. 1604 (recognizing actual innocence exception to post-AEDPA jurisprudential bar on procedurally defaulted claim); Schlup v. Delo, 513 U.S. 298, 317-23, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (recognizing actual innocence exception to pre-AEDPA jurisprudential bar on second or successive petitions); id. at 324-25, 115 S.Ct. 851 (“[TJhe individual interest in avoiding injustice is most compelling in the context of actual innocence ... meriting] ... a somewhat less exacting standard of proof....”); Lopez v. Trani, 628 F.3d 1228, 1230-31 (10th Cir.2010) (recognizing actual innocence as basis for tolling AED-PA’s one-year statute of limitations). In a non-binding unpublished decision, we recently observed that an actual innocence claim based on “erroneous specification of [petitioner’s] offense in the indictment, plea agreement, and judgment of conviction” presented “unusual and compelling circumstances for federal post-conviction relief.” Robinson v. Ledezma, No. 10-6123, 399 Fed.Appx. 329, 329, 2010 WL 4159461, at *1 (10th Cir. Oct. 14, 2010) (unpublished).
The Supreme Court recently reiterated the importance of actual innocence claims in In re Davis, — U.S. —, 130 S.Ct. 1, 174 L.Ed.2d 614 (2009), confirming that such claims require careful scrutiny even when they are brought in a successive *601 collateral attack. The petitioner in In re Davis filed an original habeas petition in the Supreme Court after being denied permission to file a second or successive petition in the Court of Appeals for the Eleventh Circuit. Id. The Supreme Court transferred the petition to the district court for an evidentiary hearing to “receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner’s innocence.” Id. at 1. The Court did so over the vigorous objection of Justice Scalia, joined by Justice Thomas, who emphasized that petitioner’s actual innocence claim already had been rejected multiple times, by the State Supreme Court, a State Board of Pardons and Paroles, and a Federal Court of Appeals, and that the Court’s action was in direct violation of AEDPA. See id. at 2-4 (Scalia, J., dissenting). Justice Stevens, joined by Justices Breyer and Ginsburg, concurred in the Court’s action and, writing separately, pointed to the potential constitutional problems that might arise if AEDPA were interpreted narrowly to bar judicial review of such actual innocence claims. See id. at 1-2 (Stevens, J., concurring) (citing with approval Triestman v. United States, 124 F.3d 361, 377-80 (2d Cir.1997)).
Nevertheless, neither the Supreme Court nor this court has had occasion to decide whether, and under what conditions, the savings clause of § 2255(e) permits claims of actual innocence to be brought for habeas review when they are otherwise procedurally barred. See Robinson, 2010 WL 4159461, at *3 (“[TJhis circuit ... has yet to definitively adopt, let alone fully work out the content of, an actual-innocence exception to the exclusivity of § 2255.”). So far, in unpublished decisions, we have deferred deciding those issues until they are adequately presented and we are actually required to reach them. See, e.g., id. at *3 (refusing to define actual-innocence exception where petitioner failed to establish threshold eligibility for relief, “[wjhatever the finer contours of such an exception might be”); see also, e.g., Saleh v. Davis, 398 Fed.Appx. 331, 332-33 (10th Cir.2010) (unpublished) (similar); Davis v. Ledezma, 393 Fed.Appx. 564, 565-66 (10th Cir.2010) (unpublished) (similar). So, too, in the present case we can, and should, refrain from delving into the thicket of defining the contours of an actual-innocence exception to the exclusivity of § 2255, much less critiquing extant formulations.
Every other circuit reaching the issue has concluded that the savings clause of § 2255(e) does, in fact, permit claims of actual innocence to be brought pursuant to § 2241 where a defendant was “foreclosed” by circuit precedent from successfully bringing his claim earlier. See infra Part II.A. (discussing cases). We favorably recognized this position in a prior nonbinding unpublished decision. See United States v. Apodaca, 90 Fed.Appx. 300, 304 & n. 10 (10th Cir.2004) (unpublished). In that case, we construed a pro se petitioner’s submissions as a request to proceed with a successive § 2255 petition and denied relief on the ground that the petition contained neither newly discovered evidence nor a new, retroactively-applicable rule of constitutional law. Id. at 303-04. In so doing, we explained that “a petition for writ of habeas corpus under § 2241 demonstrating actual innocence may be an available remedy.” Id. at 304. We cited with approval the Fifth Circuit’s decision in Reyes-Requena v. United States, 243 F.3d 893 (5th Cir.2001), a case which presents an analogous question to the one we face in the present case. See Apodaca, 90 Fed.Appx. at 304 n. 10.
The Fifth Circuit in Reyes-Requena considered a § 2241 petition asserting ac *602 tual innocence based on a new rule of statutory interpretation announced by the Supreme Court after the petitioner’s conviction, direct appeal, and initial § 2255 motion. See Reyes-Requena, 243 F.3d at 895, 900-06. The petitioner there relied on Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which the Supreme Court held that a conviction for “use” of a firearm in violation of 18 U.S.C. § 924(c)(1) requires the government to show “active employment of a firearm.” Reyes-Requena, 243 F.3d at 900 (quoting Bailey, 516 U.S. at 144, 116 S.Ct. 501).[1] The petitioner claimed that, in of light Bailey, he was not guilty of violating 18 U.S.C. § 924(c)(1), the crime of which he was convicted. Id. at 895, 904.
Consistent with other circuits that have considered similar Bailey claims, the Fifth Circuit permitted the petitioner to raise his claim, despite having failed to satisfy the statutory gatekeeping requirements for bringing a second or successive § 2255 petition. See id. at 900-06. Following other circuits, the court enunciated a two-part test for assessing whether claims of actual innocence could proceed under § 2241:
[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner’s trial, appeal, or first § 2255 motion.
Id. at 904; see also id. (observing that “most circuits have included an actual innocence component in their savings clause tests”) (collecting cases). Concluding that the petitioner satisfied this circuit foreclosure test, the Fifth Circuit permitted him to proceed under § 2241. See id. at 904-06; see also Garland v. Roy, 615 F.3d 391, 396-402 (5th Cir.2010) (applying the Reyes-Requena test and holding that a Santos claim qualified under the § 2255(e) savings clause and could therefore be brought pursuant to § 2241).
Significantly, in the present ease, not even the government asks us to reject the circuit foreclosure test, which I discuss more fully below. The government asserts that Reyes-Requena’s, two-part circuit foreclosure test governs and that Mr. Prost does not meet its requirements. See, e.g., Aple. Br. at 17, 19 (citing Reyes-Requena, 243 F.3d at 903-04 and Apodaca, 90 Fed.Appx. at 304 n. 10). Mr. Prost in his Reply Brief asks us to expand the test to permit not only those claims that were “foreclosed by circuit law,” but also those which lacked affirmative Supreme Court precedent in support. See, e.g., Aplt. Reply Br. at 12-13. Neither party asks us to reconsider or reject the circuit foreclosure tests used in other circuits as a baseline for assessing whether claims of actual innocence are the exception that may proceed under § 2241 when they are otherwise procedurally barred from proceeding under § 2255.
Nor do we need to address that issue in this case. Mr. Prost clearly was not foreclosed by circuit precedent from raising his claim of actual innocence at the time of his initial petition. While Mr. Prost tries to suggest that United States v. Simmons, 154 F.3d 765 (8th Cir.1998), “erroneously foreclosed” any argument on the meaning *603 of “proceeds” under the federal money laundering statute at the time of his initial § 2255 motion, a careful study of that decision reveals it does no such thing. In Simmons, the Eighth Circuit interpreted the Racketeer Influenced and Corrupt Organizations Act (“RICO”), 18 U.S.C. § 1962, to determine whether the term “proceeds” in that statute’s forfeiture provisions meant the gross receipts obtained from, or the net profits of, illegal activity. The court’s decision on this point relied on (1) the legislative history of RICO, which indicated that Congress intended the word “proceeds” to be read more broadly than “profits,” and (2) Congress’s explicit directive that RICO be liberally construed. Id. at 770-71. Simmons thus did nothing to address the money laundering statute, let alone foreclose an interpretation of it that equated proceeds with profits. If anything, one would think that Simmons, decided in 1998, more than four months before Mr. Prost pleaded guilty, would have alerted a defendant in his shoes to the possible argument that “proceeds” could conversely mean “profits,” not “gross receipts,” for purposes of the federal money laundering statute. Moreover, while Mr. Prost’s § 2255 petition was pending, the Seventh Circuit adopted the “profits” definition of “proceeds,” see United States v. Scialabba, 282 F.3d 475, 478 (7th Cir.2002), yet Mr. Prost never sought to amend his motion to add a claim based on that statutory argument. And it was not until 2005, after Mr. Prost’s first § 2255 motion was finally adjudicated, that the Eighth Circuit held that a federal money laundering conviction may stand even if the defendant laundered only gross receipts, not profits. See United States v. Huber, 404 F.3d 1047, 1058 (8th Cir.2005).[2]
The fact that Mr. Prost’s claim fails any circuit’s foreclosure test is sufficient grounding to dismiss the petition. I would go no further.
C.
The majority is not so restrained. Even as it extols the virtues of judicial restraint as a rationale for avoiding “constitutional issues,” see maj. op. at 593-94, it simultaneously disregards this principle throughout its opinion. The majority reaches into uncharted territory to reject any circuit foreclosure test, see id. at 589-94, reaching a conclusion contrary to every other circuit that has decided this question, see infra Part II.A, without acknowledging that it is doing so. Worse, it does so on an issue which was neither adequately presented by the parties nor necessary to our disposition of this case. I do not join in the majority’s frolic.
II.
The majority indisputably stands alone in its view of § 2255(e)’s savings clause. *604 The majority cites no case, and I have found none, in which a court has posited that the § 2255 remedy is “adequate and effective” even when circuit precedent squarely foreclosed a petitioner from succeeding on a claim of actual innocence based on a new rule of substantive law announced by the Supreme Court after the petitioner had appealed and collaterally attacked his conviction on other grounds. Instead, courts of appeals that have considered this issue overwhelmingly have reasoned to the contrary. The majority’s rejection of those decisions, see, e.g., maj. op. at 589-94, is unpersuasive on the merits, and I dissent from its analysis.
A.
The scope of § 2255’s savings clause has been considered by other circuits in the analogous context of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In those cases, every court of appeals to reach the issue has held- — albeit using varying language — that the § 2255 remedy is “inadequate or ineffective” when, at the time of the initial appeal and § 2255 petition, circuit precedent foreclosed success in overturning a conviction for conduct the Supreme Court later held is not criminal (i.e., the petitioner has a colorable claim of actual factual innocence). See Triestman v. United States, 124 F.3d 361, 363 (2d Cir.1997) (permitting resort to § 2241 where there was pre-Bailey circuit precedent precluding relief such that petitioner “could not have effectively raised his claim of innocence at an earlier time”);[3] In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997) (permitting resort to § 2241 where petitioner “had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate”); In re Jones, 226 F.3d 328, 332-34 (4th Cir.2000) (permitting resort to § 2241 where it would have been “futile” to bring Bailey claim earlier in light of “settled law of [the] circuit or the Supreme Court”); Reyes-Requena v. United States, 243 F.3d 893, 903-06 (5th Cir.2001) (permitting resort to § 2241 where innocence claim was “foreclosed by circuit law” due to adverse precedent); Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir.2003) (permitting petitioner to proceed under § 2241, in non-Bailey context, where post-conviction Supreme Court decision arguably made petitioner “factually innocent” of federal crime); In re Davenport, 147 F.3d 605, 610-11 (7th Cir.1998) (permitting resort to § 2241 where petitioner “had no reasonable opportunity” to raise claim earlier because “[t]he law of the circuit was so firmly against him”);[4] Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir.1999) (holding, in non-Bailey context, that § 2241 remedy is *605 available where “circuit law squarely foreclosed” petitioner from bringing claim earlier).[5]
Some courts of appeals, like this one, have refrained from specifying the circumstances in which the § 2241 remedy remains available to bring such a claim of actual innocence. See supra Part I.B. (discussing Tenth Circuit cases); see also United States v. Barrett, 178 F.3d 34, 52 (1st Cir.1999) (leaving for another day the task of articulating when § 2241 remedy remains available); Abdullah v. Hedrick, 392 F.3d 957, 958-59, 963 (8th Cir.2004) (rejecting § 2241 petition where petitioner “did have an unobstructed procedural opportunity” to cite Bailey in prior petition, without considering whether such remedy would be available on different facts) (emphasis added); In re Smith, 285 F.3d 6, 6-9 (D.C.Cir.2002) (directing petitioner to file § 2241 habeas petition in the Seventh Circuit, where he was incarcerated, because § 2255 was “inadequate” in that circuit to resolve his invalid conviction claim, without expressly defining a savings clause test for the District of Columbia). But no circuit has interpreted the § 2255(e) savings clause to preclude a claim of actual innocence based on a new rule of substantive law subsequently announced by the Supreme Court.
The majority obfuscates the fact that, regardless of the phraseology employed by the other circuit courts, the results are the same. Every court of appeals to reach the issue has held that § 2255(e)’s savings clause does permit habeas review of actual innocence claims brought in § 2241 petitions where a prisoner was foreclosed by circuit precedent from succeeding on his claim in an initial § 2255 petition, and I would do so as well. Any implication by the majority that it is not creating a circuit split by interpreting § 2255(e) contrary to all the other circuits, see maj. op. at 594-96, is simply incorrect.
B.
The majority posits that the “circuit foreclosure” approach taken by other circuits is “untethered from the plain language the savings clause,” maj. op. at 591— 92, and “disregardfs]” other provisions of AEDPA specifying situations in which a prisoner may bring a collateral attack without resorting to § 2255(e)’s savings clause, see, e.g., id. at 591-92. Neither criticism is persuasive.
The majority’s interpretation of the “plain language” of § 2255(e)’s savings clause stands alone. Our sister circuits recognize what the majority here does not: the fundamental purpose of habeas corpus and collateral review — even post-AED-PA — is to afford a prisoner a “reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence,” In re Davenport, 147 F.3d at 609 (emphasis added), and the text of the savings clause must be interpreted in view of this purpose, id. Against that measure, the § 2255 remedy necessarily is “inadequate and ineffective” when a petitioner is foreclosed by circuit precedent from succeeding on a claim that he has been convicted and imprisoned for a non-existent offense. See, e.g., id. at 609- *606 11; Triestman, 124 F.3d at 373-77; In re Dorsainvil, 119 F.3d at 248-52; ReyesRequena, 243 F.3d at 903-04 (adopting reasoning of earlier cases); In re Jones, 226 F.3d at 333-34 (similar). The defect in the § 2255 remedy is not that it fails to guarantee any particular “outcome or relief,” maj. op. at 585, or that it fails to afford “multiple opportunities to test a conviction or sentence,” id. at 585. The defect is that, as a result of erroneous circuit precedent directly on point, the § 2255 remedy failed to provide a prisoner with even one meaningful opportunity to raise his claim of actual innocence.[6] The notion that an actually innocent prisoner can adequately and effectively “test” the legality of his conviction when he has no legal basis in his circuit for doing so cannot be squared with this central purpose of habeas review or the plain language of the savings clause.
Despite the majority’s claims to the contrary, the fact that AEDPA does not expressly permit claims of actual innocence in a second or successive § 2255 motion, see maj. op. 585-86, 591-92, does not mean that such claims should be precluded from § 2241 habeas review via § 2255(e)’s savings clause. Long before AEDPA, the Supreme Court expressly recognized that a change in law which establishes a prisoner has been convicted and sentenced “for an act that the law does not make criminal ... inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.” Davis, 417 U.S. at 346-47, 94 S.Ct. 2298 (alteration in original) (internal quotation marks omitted). If “it is a ‘complete miscarriage of justice’ to punish a defendant for an act that the law does not make criminal, thereby warranting resort to ... § 2255, it must follow that it is the same ‘complete miscarriage of justice’ when the AEDPA amendment to § 2255 makes that collateral remedy unavailable.” In re Dorsainvil, 119 F.3d at 251; cf. Holland v. Florida, — U.S. —, 130 S.Ct. 2549, 2560-62, 177 L.Ed.2d 130 (2010) (recognizing equitable exception to AEDPA’s statutory bar on filing petitions outside one-year limitation period); Bousley, 523 U.S. at 620-21, 118 S.Ct. 1604 (relying on logic of Davis in refusing to preclude habeas review of Bailey claim). That Congress failed to amend § 2255 expressly to permit such claims of actual innocence does not obviate the potential for a miscarriage of justice if such claims are precluded from habeas review.[7]
If anything, the Court’s rationale in Davis for permitting collateral review is *607 even greater now than it was before AED-PA. As other circuits have recognized, interpreting AEDPA to bar judicial review of actual innocence claims raises serious constitutional concerns — under the Eighth Amendment and the Due Process Clause, if not also the Suspension Clause. See, e.g., Triestman v. United States, 124 F.3d 361, 377-80 (2d Cir.1997) (discussing the “serious constitutional questions” that would arise if an actual innocence claim was barred from habeas review); In re Dorsainvil, 119 F.3d 245, 248 (3d Cir.1997) (similar); Wofford v. Scott, 177 F.3d 1236, 1243-44 (11th Cir.1999) (discussing with approval other circuits’ analyses of possible constitutional problems with a narrow reading of the savings clause); see also In re Davis, — U.S. —, 130 S.Ct. 1, 1, 174 L.Ed.2d 614 (2009) (Supreme Court transferred original habeas petition to district court for evidentiary hearing on actual innocence claim); id. at 1 (Stevens, J., concurring) (pointing to discussion of “ ‘serious’ constitutional concerns that would arise if AEDPA were interpreted to bar judicial review of certain actual innocence claims”) (quoting Triestman, 124 F.3d at 377-80); Herrera v. Collins, 506 U.S. 390, 432 n. 2, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (Blackmun, J., dissenting) (“It may also violate the Eighth Amendment to imprison someone who is actually innocent.”); Robinson v. California, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (“Even one day in prison would be a cruel and unusual punishment for the ‘crime’ of having a common cold.”).
Such constitutional concerns are not triggered in the present case if, as explained above, the case is decided on the ground that Mr. Prost had a fair opportunity to bring his Santos-based claim at the time of his initial § 2255 petition. The majority does not do that, however. Instead, it interprets § 2255(e) as inapplicable to Mr. Prost’s actual innocence claim in a manner not raised by the parties, and refuses to decide the constitutional issues squarely raised by its conclusion that there is no relief for an innocent person. The parties here agreed at a minimum that some form of circuit foreclosure test applied to this case, and hence did not address the constitutional concerns other than in cursory fashion. In fairness to the parties, and to avoid an improvident decision, we should ask them for supplemental briefing on the constitutional issues before interpreting § 2255 to completely preclude a claim of actual innocence.
For the reasons set forth above, I dissent from the reasoning of the majority decision.

. In so holding, the Supreme Court in Bailey overturned decisions in many circuits which had held that the "use” prong of § 924(c)(1) was satisfied by mere "possession” of a firearm. See, e.g., United States v. McFadden, 13 F.3d 463, 465 (1st Cir.1994); United States v. Hager, 969 F.2d 883, 888-89 (10th Cir.1992); United States v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir.1991).

. The majority’s reliance on the Eighth Circuit’s recent decision in United States v. Williams, 605 F.3d 556, 567 (8th Cir.2010), to imply that Mr. Prost may have been foreclosed by adverse circuit precedent at the time of his initial § 2255 petition, see maj. op. 594-95, is wholly unavailing. In Williams, the Eighth Circuit, citing Simmons, noted that under its precedent prior to Santos, proceeds "include[d] anything that is a gross receipt of illegal activity.” 605 F.3d at 567. But there is no question that the Simmons precedent was interpreting RICO, and it was not until Huber in 2005 that the court actually adopted that view in the money laundering context, relying on precedent from other circuits and with a “cf.” citation to Simmons, in recognition of its different statutory context. Huber, 404 F.3d at 1059. Careless citation of Simmons in Williams, on an issue that was undisputed because it had been squarely decided by Huber, does not support the majority’s assertion that “the Eighth Circuit appears to agree with Mr. Prost that its RICO precedent did preclude the reading of the money laundering statute later adopted in Santos,” maj. op. at 595.

. Triestman also suggested, in dicta, that a petitioner could establish "cause” sufficient to excuse procedural default by showing that the "legal basis for a claim was not reasonably available.” See 124 F.3d at 369 n. 8 (internal quotation marks omitted). Although subsequent cases have recognized that Bousley, 523 U.S. at 622-23, 118 S.Ct. 1604, rejected this argument, see, e.g., DeJesus v. United States, 161 F.3d 99, 102-03 (2d Cir.1998), Triestman’s holding remains intact. And, as Bousley recognized, a showing of "actual innocence” remains a separate viable basis for excusing procedural default. 523 U.S. at 623-24, 118 S.Ct. 1604.

. Notwithstanding the majority’s assertions to the contrary, see maj. op. at 593, the Seventh Circuit's decision in Morales v. Bezy, 499 F.3d 668 (7th Cir.2007), does nothing to cast doubt on the continued viability of the circuit foreclosure test in that circuit. If anything, the opposite is true. Rather than criticizing or departing from the circuit foreclosure test, the majority in Morales reiterated that a prisoner may bypass § 2255 when a claim is foreclosed by adverse circuit precedent. See Morales, 499 F.3d at 672 (citing In re Davenport, 147 F.3d at 610-12).

. The Ninth Circuit has adopted an even broader approach, permitting resort to § 2241 via § 2255(e)'s savings clause not only where a petitioner was foreclosed by adverse precedent, but also where the petitioner lacked an affirmative basis for his claim of actual innocence. See Harrison v. Ollison, 519 F.3d 952, 959-60 (9th Cir.2008) (reiterating holding, in non -Bailey context, that § 2241 remedy is available when petitioner " 'has not had an unobstructed procedural shot at presenting that claim,' ” which turns in part on whether there was a relevant change in law after the initial § 2255 motion) (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006)).

. The majority’s suggestion that the process is not defective because a prisoner might avoid a wrongful conviction in the face of erroneous circuit precedent if he simply “took the trouble to challenge adverse circuit precedent,” see maj. op. at 590, is misguided. The problem is not just that the chances of obtaining en banc review or a grant of certiorari are trivial. An equally serious antecedent problem arises from the fact that defendants who plead guilty routinely receive a 2- or 3-point sentencing reduction. See U.S.S.G. § 3E1.1. In weighing the probabilities, a defendant facing adverse precedent has every incentive to accept a plea bargain, even when it entails forfeiting direct appeal rights. Our system is set up to encourage this result, not to encourage a likely fruitless attempt to overturn adverse circuit precedent without even a circuit split to support the argument.

. Nor should the majority’s opinion be read to suggest that the “circuit foreclosure” approach is incongruent with our prior precedent. See, e.g., maj. op. at 588. As explained above, there is no Tenth Circuit precedent on whether, and under what conditions, § 2255(e)’s savings clause permits a claim of actual innocence to be brought through habeas review under § 2241. See supra Part I.B. The circuit foreclosure test does nothing to deviate from our prior precedent strictly construing § 2255(e)’s savings clause to apply "only in extremely limited circumstances.” Caravalho v. Pugh, 177 *607 F.3d 1177, 1178 (10th Cir.1999). As the Supreme Court has recognized, it is a rare and "extraordinary” case when a prisoner is actually innocent of the crime of which he was convicted. See Murray, 477 U.S. at 495, 106 S.Ct. 2639. Respectfully, the majority's worry that permitting resort to § 2241 in the limited and exceptional circumstances in which there is a colorable claim of actual innocence would “nullify! 1” or "do much violence to” § 2255(h)’s restrictions on successive petitions is misplaced. See maj. op. 590-91.
Equally unpersuasive is the majority’s suggestion that following the "circuit foreclosure” approach in this case would require us to decide “novel questions” about whether Mr. Prost is, in fact, actually innocent. See maj. op. at 595-96. At this stage, our only concern is whether Mr. Prost can present his actual innocence claim in the district court, not whether he is actually innocent. See, e.g., Triestman, 124 F.3d 361, 365 n. 2; In re Dorsainvil, 119 F.3d at 252. We therefore do not need to consider now whether Mr. Prost would succeed on his claim of actual innocence if, in fact, he were permitted to bring it under § 2241.